## Maxler, Appellant, v. Freeport Bank et al.

*Corporations—State banks—Transfer of assets to trust company —Dissenting stockholder—Bond to protect—Act of May 13, 1876, P. L. 161—Equity—Appeals—Preliminary injunction—Hearing on merits.*

1. A corporation has full power to alienate its property, both real and personal, unless restricted by its charter.

2. A state bank organized under the Act of May 13, 1876, P. L. 161, may dispose of all of its assets, except its corporate franchise, to a newly organized trust company in exchange for stock, notwithstanding objection by a dissenting stockholder, if the interests of the stockholder are protected by a bond sufficient to secure him payment in cash for his stock at a just valuation.

3. Where the dissenting stockholder files a bill in equity and prays for a preliminary injunction, and, after the transfer is completed, takes an appeal from a decree refusing the preliminary injunction, he is not in a position to ask for any preliminary relief.

If he has any rights they must be considered after the case has been heard on its merits.

Argued September 25, 1922.   Appeal, No. 162, Oct. T., 1922, by plaintiff, from decree of C. P. Armstrong Co., Sept. T., 1922, No. 77, refusing preliminary injunction, in case of Frank Maxler v. Feeport Bank et al.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Bill in equity for injunction.   Before KING, P. J.
The opinion of the Supreme Court states the facts.
Preliminary injunction refused.   Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*H. A. Heilman,* with him *S. F. Clark, Robert J. Dodds* and *George D. Wick,* for appellant.—A minority stockholder objecting to the sale of the corporation's franchise and property under the Act of April 17, 1876, P. L. 30, cannot be compelled to take anything but cash or its equivalent for his interest in the purchase price, and where the equivalent is a promise to pay, it must be a promise to pay within a reasonable time properly secured: Lauman v. Lebanon Val. R. R., 30 Pa. 42; Koehler v. Brewing Co., 228 Pa. 648.

To compel plaintiff to accept two shares of stock in the trust company for one he now holds in the bank, each of the same par value, would double his liability.

*R. L. Ralston,* with him *J. Frank Graff, Jr.,* for appellee.—An injunction restraining the sale and transfer of possession cannot now issue as the sale and transfer of possession is completed: Com. v. Cairns, 46 Pa. Superior Ct. 96; Com. v. Cairns, 48 Pa. Superior Ct. 265; Silliman v. Whitmer, 173 Pa. 401.

The facts fail to show any equities due plaintiff and show an entire absence of irreparable injury: DeHaven v. Pratt, 223 Pa. 633; Crawford v. Sullivan, 238 Pa. 142.

A private corporation under the law of this State may sell all of its assets, not including its franchises, by a majority vote of its stockholders, unless especially restricted by its charter or some statute: Dana v. Bank of U. S., 5 W. & S. 223; Wolf v. Excelsior A. & S. Co., 270 Pa. 547; Illoway v. Daly, 65 Pa. Superior Ct. 333; Ardesco Oil Co. v. Oil & Mining Co., 66 Pa. 375.

OPINION BY MR. JUSTICE SADLER, January 3, 1923:

The Freeport bank was incorporated under the Act of May 13, 1876, P. L. 161, with an original capital of $50,000, divided into shares having a par value of $100 each, and, by 1922, had accumulated a surplus of equal amount, with undivided profits of $20,000, or more. It determined to acquire the rights and privileges of a trust company, and, instead of taking advantage of the provisions of the Act of July 17, 1919, P. L. 1032, a new corporation was formed under the Act of 1874, amended by the Act of May 9, 1889, P. L. 159, with a capital of $125,000. The stockholders agreed to transfer to it the assets of the bank, taking in payment two shares of the new company for each one of the old, the remaining 250 being reserved for sale at $120, the funds so received to be used in the development of the business.

At a meeting of the stockholders duly convened, holders of nineteen shares in the bank, of which plaintiff owned sixteen, protested against any sale. Ninety per cent or more favored the proposal, and voted affirmatively, when a resolution to that effect was presented by the directors. To prevent the consummation of the plan, this bill was filed. A preliminary injunction was refused, upon condition that a bond in the sum of $20,000 be given to protect Maxler's interest, and this appeal was then taken from the decree entered.

The question now presented is the right of the banking corporation to dispose of its property, notwithstanding objection by a dissenting stockholder. If the company came within one of the classes named in the General Cor-

poration Act of 1874, there would be no doubt of the proper answer, for this legislation was amended on April 17, 1876, P. L. 29, and by section 23, as modified, full power is given to "sell, assign, dispose of, and convey to any corporation created under, or accepting the provisions of, this act, its franchises, and all its property, real personal and mixed."

The Act of May 13, 1876, P. L. 161, regulating banking companies, makes no express provision for the sale of the entire property to another corporation, though section 6 directs that its officers may fix the manner in which "its property [may be] transferred and general business conducted," and section 26 permits the liquidation of such a company on vote of two-thirds of the stockholders, the surplus, after the payment of indebtedness, to be distributed pro rata.

But we do not think express statutory permission is required to authorize the disposal of all the assets, not including, however, franchises acquired by virtue of the original charter granted. "A corporation has full power to alienate its property, both real and personal, unless restricted by its charter. Ownership of property, whether real or personal, carries with it the same general power of disposition in corporations as in individuals, except where that power is restrained by statute or by considerations of public policy": 7 R. C. L. 571. This rule was early recognized in Pennsylvania, and forcefully declared, in a well-considered opinion (Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42, 44), which has been subsequently cited with approval: Koehler v. St. Mary's Brewing Co., 228 Pa. 648; Illoway v. Daly, 65 Pa. Superior Ct. 333. It is true, as held in those cases, the dissenting stockholder cannot be compelled to accept other than cash for his holdings, but, in the present case, the rights of the appellant were fully protected by the order entered by the learned court below.

If the Freeport Bank could be classed as a public, rather than a private, corporation, and attempted to re-

lieve itself, by the transfer of its property, from the performance of an obligation owing to the State at large, a different situation would be met (P. & C. R. R. Co. v. B. & B. R. R. Co., 81* Pa. 104), and the distinction was recently pointed out again by this court in Wolf v. Excelsior Co., 270 Pa. 547. See also Foster v. Fowler & Co., 60 Pa. 27; Johnson Co. v. Miller, 174 Pa. 605. Here, no attempt was made to assign the franchises of the bank, or release it from any duty owed by reason of the charter originally granted. The assets were merely transferred into the newly formed trust company, a step evidently deemed proper by the legislature, though not in terms authorized, as indicated by the act relating to the payment of bonus on capital stock (Act May 28, 1913, P. L. 357), and that permitting banking corporations to act in a fiduciary capacity: Act July 17, 1919, P. L. 1032.

In making the sale, the rights of the public are not adversely affected, and those of the plaintiff are amply protected by the bond to insure him payment in cash of a just valuation of the few shares he owns: Barnett v. Phila. Market Co., 218 Pa. 649. In no way has complainant shown any harm will be inflicted by the transfer. He is not ordered to accept the new stock of the trust company in lieu of that held by him in the bank, though the ratio of exchange proposed seems to fairly represent the book value of the latter, and the holding of the shares of the new corporation would reduce the legal liability in case of insolvency, rather than increase it, as suggested by appellant: Dehaven v. Pratt, 223 Pa. 633.

It is to be remembered that the interposition of the equity court is to prevent the working of some real injury. No such possibility appears here, and the injunction was therefore properly refused: Hamilton v. Foster, 272 Pa. 95, 104; Casinghead Gas Co. v. Osborn, 269 Pa. 395; Oberly v. Frick Coke Co., 262 Pa. 83; Crawford v. Sullivan, 238 Pa. 142. Further, this appeal is from the order refusing an injunction to stay the sale, since which

time the transfer has actually been made. Even if the legal contention of the plaintiff could be sustained, no effective relief could now be ordered preliminarily. If any rights exist, they must be considered after the case has been heard on its merits: Silliman v. Whitmer, 173 Pa. 401.

The assignments of error are overruled, and the decree is affirmed at the costs of appellant.