Friedman, Appellant, *v.* Southern Co-Operative B. & L. Assn.

Argued November 11, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*Marshall A. Coyne,* and with him *Gustave F. Straub,* for appellant.

*D. P. Hibberd* and with him *Edward Davis* and *S. Wilson Vaughn*, for appellee.

Opinion by Keller, J., March 5, 1932:

The plaintiff obtained a judgment against the defendant on November 6, 1930, for $1,292.19, for want of a sufficient affidavit of defense in an action of assumpsit. The plaintiff's statement was inconsistent, in some respects, and if we were passing upon an appeal from the judgment entered we might not sustain it, because of such inconsistency, but the pleadings on this rule—to set aside the lien of the judgment on defendant's real estate and the attachment execution issued thereunder— and the facts admitted by appellee in the brief filed, clear up the apparent inconsistency in the statement, and we shall treat the case in the light of the admitted facts.

The plaintiff was a shareholder of the Southern Cooperative Building & Loan Association and up to July 23, 1930 had paid in by way of dues on said stock the sum of $1,935. On that date, at a meeting of shareholders called for the purpose it was voted to merge said association with the Max Krakovitz Building & Loan Association, the plaintiff, through her attorney, objecting to the merger.

The merger was consummated and on July 30, 1930 was approved, and letters patent issued to the consolidated corporation under the name of Southern Cooperative Building & Loan Association, which we shall hereafter refer to as the consolidated corporation.

On August 21, 1930 the consolidated corporation by its proper officers agreed with the plaintiff that to avoid the expense of litigation, and of a proceeding for the assessment of the value of plaintiff's stock in the original Southern Co-operative Building & Loan Association, the value of said stock should be fixed at 66 78/100 per cent of the money paid in by her to said

association, and that the consolidated corporation should, on or before October 18, 1930, pay plaintiff 66 78/100 per cent of all moneys paid by her into said association, and the plaintiff agreed to accept said sum in full of all claims on her part against said consolidated corporation, and a writing effectuating that agreement was drawn and signed by both parties.

The consolidated corporation having failed to pay plaintiff the amount agreed upon she brought her action against it and recovered the judgment above referred to, for want of a sufficient affidavit of defense, and later issued an attachment ad lev. deb. upon it.

The lower court, on petition of voluntary liquidating trustees of the consolidated corporation alleging its insolvency, made absolute the rule above mentioned, and ordered the attachment execution set aside and the lien of the judgment set aside as to defendant's real estate, on the ground that they would give the plaintiff an unjust preference over the other shareholders of the consolidated corporation.

The court below and counsel for appellee overlook an important and controlling fact, viz., that this plaintiff never was a shareholder of the consolidated corporation. She was a shareholder of the original Southern Co-operative Building & Loan Association, but objected to the merger with the Max Krakovitz Building & Loan Association and refused to become party to it. When the consolidated corporation was organized and letters patent were issued to it, she did not become a shareholder of the new corporation but was its creditor in the amount of the value of her stock, and when instead of assessing that value by adverse proceedings the parties interested agreed upon the value, the amount of the debt of the consolidated corporation to her became fixed.

Counsel for appellee claims that because this value was settled at less than the amount plaintiff had paid

in to the association it established that the original association was insolvent, as that term is used with reference to building and loan associations, (see infra), but this does not follow; and, besides, this was not an action against the original association. The merger proceedings are not before us, but it is not likely that the Secretary of Banking would permit a merger that did not leave the consolidated corporation solvent; if necessary by scaling down the claims of constituent shareholders. Besides, the plaintiff's agreement to accept less than the face value of her payments to the association is not conclusive that it was not actually of greater value.

Certainly after the merger and consolidation of the two associations and the fixing of the value of plaintiff's stock, she did not remain a shareholder of the old Southern Co-operative Building & Loan Association and she did not become a shareholder of the consolidated corporation. Her claim as a shareholder against the old association for $1,935 was wiped out—she cannot ask from the consolidated corporation, as a shareholder, a dividend on $1,935, the full amount of her contributions as a shareholder to the old association—and in its place she received a claim as a creditor against the consolidated corporation for a reduced amount. She is on a different footing from shareholders of the old association who became shareholders of the consolidated corporation, and is entitled to a preference as a creditor over them.

It follows that the recent decisions of the Supreme Court and of this court which deal with the status and relation of shareholders of building and loan associations which are insolvent, in that, after paying their general creditors they are unable to pay back to their shareholders the amount of their contributions (Kurtz v. Bubeck, 39 Pa. Superior Ct. 370; Stone v.

Schiller B. & L. Assn., 302 Pa. 544, 552) are not here controlling.

The assignment of error is sustained, the order of the court below is reversed, and the judgment and attachment are reinstated.