Ferrando v. U. S. National Building & Loan Association, Appellant.

Argued  January  15,  1932.    Before FRAZER,  C.  J.,
SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*William A. Gray,* with him *Roy Martin Boyd,* for appellant.—Plaintiff failed to prove the value of his stock at the time of the transfer.

The learned chancellor erred in refusing to permit defendant to prove the actual value of plaintiff's stock.

*Abraham L. Freedman,* with him *Max Walls,* for appellee.—The burden is on appellant: Belmont Laboratories v. Heist, 300 Pa. 542, 546-7; First Regular Baptist Church v. Allison, 304 Pa. 1, 8.

OPINION BY MR. JUSTICE KEPHART, March 14, 1932:

A majority of the stockholders of the U. S. National Building and Loan Association approved a resolution transferring all its assets to a new corporation for second preferred stock. Bishop Ferrando, who had paid into the association $10,000 as dues on 200 shares, voted against the proposed transfer, and by this bill sought to restrain it until he had been paid the value of his stock. The value having been secured by a bond, the assets were transferred, and the court below thereafter awarded appellee the sum of $8,308, as of December 4, 1930, the date of transfer.

When a corporation, against the protest of one of its stockholders, transfers all its assets either through sale

or merger to another corporation, a dissenting stock-holder is entitled to demand and recive in cash the value of his stock at the time of such transfer: Koehler v. St. Mary's Brewing Co., 228 Pa. 648; Maxler v. Freeport Bank, 275 Pa. 510; Ringler v. The Atlas Portland Cement Co., 301 Pa. 176; Cook on Corporations, 8th edition, volume 3, section 671; Savidge on Corporations in Pennsylvania, volume 1, section 207. In an action to secure the worth of the stock, the burden rests on the protesting shareholder to prove the recoverable value of his stock as of the date of transfer. No particular method is necessary to determine value, but the evidence should be such as would fairly satisfy the chancellor as to what the actual value was. Appellee met this burden by showing a report of certified accountants for the period commencing March 11, 1930, and extending to May 19, 1930, the latter date being the day on which a statement was sent by appellant to its shareholders showing the value of the building and loan in the transfer. On November 13, 1930, appellant's directors passed a resolution fixing this same value for the purpose of transfer on December 4th; and a letter of January 5, 1931, from an officer of the company, shows that the value then existing was the same as that of March 11, 1930. This evidence was sufficiently clear and comprehensive to establish a value for the shares of stock as of December 4th.

Appellant attacks this evidence by contending it is too indefinite, and that the certified report should be as of December 4th. While value should be fixed as of the date of transfer, it does not follow that a certified report or examination or balancing of accounts must be made as of the date of transfer to ascertain value. See Petry v. Harwood Electric Co., 280 Pa. 142, 151. If a report made at a prior time reasonably close to the date of transfer is available and there is other evidence to prove that the value of the assets or the net value of the company as thus shown has not diminished from

that time to the date of transfer or thereafter, this evidence will be sufficient on which to base a finding of the intrinsic or actual value of the stock. But the evidence to show such continuing value must be fairly certain and definite, coming from a knowledge of the business and assets of the company.

Appellant contended that the market value or the liquidating value should have been taken, and offered to show what the assets would have been worth at a forced sale had the company been liquidated. Stock may have several values; a market value, a speculative value, or an actual value. Of course, generally speaking, building and loan stock has no market value and the liquidating price of assets fixed at a forced sale would be of little or no evidence of actual value. We said in Petry v. Harwood Electric Co., supra, speaking through Mr. Justice Schaffer: "It would be a very unjust rule, which would limit a nonassenting shareholder's right of recovery to market value, where value, as measured by assets, was much the greater. ...... It is our judgment that the appellees are entitled to receive the real, actual value of their shares, and that market value does not measure this real, actual value." The court did not err in refusing to accept these specious figures as evidence of intrinsic worth.

The association offered to show that the books from which the certified accountant's report was made up were not correct, as the entries had been placed there at the direction of the banking department. But the association adopted the report of the state department as showing the correct value and it was used by the officers in furthering the merger. It would therefore be inequitable as regards this shareholder to permit the association to show any other value: Petry v. Harwood Electric Co., supra. Appellants also complain that they were not permitted to show unpaid taxes and other similar evidence having a tendency to lower the value placed on the shares through the accountant's report and the

other testimony. Such evidence was inadmissible unless it was accompanied by an offer to show these items were not included or considered in the report already in evidence; manifestly, if they were there included, it would be improper again to consider them as these items would then be doubly deducted.

There is, however, one matter, clearly a mistake on the part of the court below, that merits consideration. It was not called to that court's attention, but, because it is a mistake in accounting, it must be corrected. The lower court fixed the value at $8,308 for 200 shares. The statement on which this was based showed the actual amount paid in on each share in the series to which appellee's stock belonged was $63. It was then understood and assumed that Bishop Ferrando had paid in $63, but this was incorrect. On the basis of $63 paid in, the value of the stock had been written down to $37, and to this was added a profit of $4.54, making a total value for each share of $41.54, which, applied to the 200 shares, was the basis of the lower court's award. This was incorrect because appellee had paid in but $50 on each share. He had not made any monthly payments from February, 1929, to March, 1930, and if he had paid for each of these 13 months he would have contributed $2,600 more. It was only when he had contributed that sum to the association that his shares would have been paid up to the extent of $63 each. Having failed to pay during the 13 months, it follows that the amount allowed by the court below should be reduced proportionately.

The decree of the court below should be modified to conform to this opinion, and, when so modified, it will be affirmed at the cost of appellant.