## Weinroth, Executrix, v. Homer Building and Loan Association

[black redaction block]

*Harry Shapiro*, for plaintiff; *Albert S. C. Millar*, for defendant.

LEWIS, J., May 6, 1932.—This matter comes before the court on a motion for new trial and rule for judgment n. o. v. The facts, in the main, are undisputed. On November 15, 1929, five or six building and loan associations were merged into the Homer Building and Loan Association. Fifty shares of full-paid stock therein, representing earlier holdings, in various capacities, in certain of the merged associations were, on November 24, 1929, sold, redeemed or exchanged for ten promissory notes for $1000 each, executed and delivered by the association through its directors. Three of these notes were subsequently paid; the remaining seven form the basis of plaintiff's claim. In the late summer of 1930 the Homer Building and Loan Association was itself merged with another building and loan association, the resulting consolidated corporation being also known as the Homer Building and Loan Association. The similarity of names has led to some confusion as to the material issues involved herein.

This suit is properly brought against the second Homer Building and Loan Association, which, by virtue of the provisions of the merger and consolidation act, necessarily assumed all the outstanding obligations of the underlying and constituent corporations.

The merger and consolidation into the second Homer Building and Loan Association effectively dissolved the first Homer Building and Loan Association. It is, therefore, obvious that plaintiff cannot now be a stockholder in the dissolved corporation. It is equally impossible to hold that she is a stockholder in the second Homer Building and Loan Association. There is no testimony to show that she was ever notified of the projected merger; that she was ever given an opportunity to protest thereat or to demand an appraisement of her stock and payment therefor. There is testimony to the effect that the notes still outstanding were definitely included in the statement of borrowed moneys of the first Homer Association and were necessarily assumed by the second Homer Building and Loan Association as an incident of the merger. The debt having been thus assumed, plaintiff's status as a creditor rather than as a stockholder of the second Homer Building and Loan Association would seem to have been definitely fixed. The fixing of her status, coupled with the consequent lack of opportunity to oppose the merger, would seem to estop defendant from raising at this late date any question as to her status or as to the legality of the original transaction, whether the questioning be founded upon lack of authority in the directors or the then solvency of the first Homer Building and Loan Association. See In re Mitchell, Receiver of the Liberty Clay Products Co., 291 Pa. 282, 289.

The somewhat speculative testimony concerning the probable value of the assets of the first Homer Building and Loan Association as of December 24, 1929, is immaterial. Even if material, its probative value would be doubtful: Mechanics' Building & Savings Ass'n No. 2's Assigned Estate, 202 Pa. 589. No fraud having been proven as to the transaction in question, neither the good judgment nor the legal powers of the directors who authorized and executed the transaction may be questioned in this controversy. Had no merger taken place, these questions might well have been of highest importance, but in the present suit the defendant is estopped from raising them. Defendant assumed the debt and for a long period led plaintiff to rely on her position as a creditor; also, for whatever reason, plaintiff was deprived of her right to protest the merger. Because of the circumstances, the estoppel is complete and the solvency or insolvency of the former association is entirely immaterial: Friedman v. Southern Coöperative B. & L. Ass'n, 104 Pa. Superior Ct. 514.

The motion for new trial is overruled and the rule for judgment n. o. v. is discharged.