## Nice Ball Bearing Co. v. Mortgage Building and Loan Association

*Andrew R. McCown,* for plaintiff; *Sterling & Willing,* for defendant.

GORDON, JR., J., May 7, 1932.—This is a rule for judgment for want of a sufficient affidavit of defense. On March 27, 1931, the plaintiff notified the Mortgage Building and Loan Association of its intention, at the expiration of thirty days, to withdraw 400 shares of stock in the twenty-eighth series of the association, which it owned and on which it had paid in $45,600. Before the expiration of the thirty days, the association merged with six other associations, under the name of the Mortgage Building and Loan Association, the present defendant. Because of the similarity of the names of these associations, the original Mortgage Building and Loan Association, in which the plaintiff owned the stock, will

hereafter be referred to for convenience as the old association, and the merged and consolidated association will be referred to as the new association. The merger was effected without the assent of the plaintiff, which declined to go into the new association. Notwithstanding this, nothing was set aside from the assets of the old association to pay the value of its shares to the plaintiff, which has received nothing on their account from either the old or the new association. The plaintiff has, therefore, brought this suit against the new association to recover the value of its shares. The statement of claim avers that the value of the plaintiff's 400 shares in the old association, at the date of the merger, was at least $94 per share, or a total of $37,600, "as set forth in the aforesaid merger agreement [between the merging associations], as same appears of record and on file in the office of the secretary of this Commonwealth." The last of the series of affidavits of defense filed by the defendant admits the allegations of the statement respecting the plaintiff's ownership of the stock in the old association, the giving of the notice of withdrawal, the merger of the old association with six others into the defendant association before the expiration of thirty days from the date of the plaintiff's notice of withdrawal, the refusal of the plaintiff to become a member of the new association, and the failure of the old association to set aside from its assets sufficient funds to pay to the plaintiff the value of its stock. The only defense attempted to be set up by the affidavit of defense relates to the value of the plaintiff's stock in the old association at the time of the merger. With respect to this question, the affidavit admits that the merger agreement, referred to in the plaintiff's statement as the basis for its allegation of the value of its stock at that time, did fix $94 per share as the value of the shares in the series held by the plaintiff. It avers, however, that the old association was hopelessly insolvent at the time of the merger, and that the "real actual" value of the plaintiff's stock was not $37,600, but that, "after payment of the amounts due to creditors, there would not remain funds and/or assets sufficient to pay to shareholders . . . a sum in excess of $10 per share;" and that the plaintiff is not entitled to recover even that amount per share because " (1) of the insolvency of the old Mortgage Building and Loan Association at and prior to the said merger, by reason of which, if payment thereof should be made to the plaintiff, it would thereby procure a preference over other shareholders; and (2) such payment to the plaintiff by the defendant might precipitate an insolvency of the defendant (new) association, or have a strong tendency to do so." The affidavit of defense sets forth in considerable detail the reasons for the allegation that the value of the plaintiff's shares was not more than $10 per share at the time of the merger, and endeavors to avoid the value placed upon them by the merger agreement by alleging that that value was not the actual value of the shares in the old association, but was intended to be and was in fact only "the 'reduced paid-in' or merger capital value of those shares of stock in the merged and consolidated association exchanged and issued for" the shares in the old association.

The plaintiff did not consent to the merger. The time required by law for its attempted withdrawal to become effective had not elapsed when the merger was consummated, and it is, therefore, in the position of a dissenting stockholder, who is entitled to receive the value of his stock at the time the assets of his association are transferred by merger to a new association: Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42; Koehler v. St. Mary's Brewing Co., 228 Pa. 648; Greenfield & Co. v. Asset-Interest B. & L. Ass'n, 14 D. & C. 567; Simsohn v. Southern Coöperative B. & L. Ass'n, 15 D. & C. 329; Lanin v. Salford B. & L. Ass'n, 15 D. & C. 310; Insurance Co. v. U. S., Reading Co. et al., 259 U. S. 156; 1 Savidge on Corporations in Pennsylvania, § 207; Ferrando v.

U. S. National B. & L. Ass'n, 307 Pa. 25. The merger worked a dissolution of the original association, and the nonassenting plaintiff became a creditor of the new association, when the latter wrongfully received the share of the assets of the old association, which belonged to and should have been set aside for the plaintiff. Any right, therefore, to have refused, because of actual or threatened insolvency, to pay the value of its shares to the plaintiff as a withdrawing stockholder, which the old association might have had before its dissolution, is not available as a defense to the plaintiff's claim against this defendant, which is based upon a debt arising out of the unlawful retention of the plaintiff's property. Neither is the possible effect upon the defendant's financial condition of compelling it to pay its debt to the plaintiff a defense to the latter's claim. The plaintiff is not a member of the new association, and is not subject to the limitations under which members of building and loan associations labor because of the partnership relation which exists between them. A creditor's right to recover a debt does not depend upon the solvency of the debtor.

The plaintiff, therefore, is entitled to judgment against the defendant for the value of its stock, and the only dispute which is attempted to be raised in the affidavit of defense relates to that question. In Ferrando v. U. S. National B. & L. Ass'n, supra, our Supreme Court, speaking through Mr. Justice Kephart, held that the measure of recovery by a nonassenting shareholder is neither the liquidation nor the market value of the stock, but its "intrinsic" or "real actual value." See, also, Petry v. Harwood Electric Co., 280 Pa. 142. This being the rule established by the authorities, the plaintiff averred the real actual value of its shares to be $37,600, as shown by the merger agreement. In answer to this allegation, the defendant denied that their value was $37,600, and averred it to be only $4000, or $10 per share, although it admitted that $94 per share was the value agreed upon by all the merging associations, including the old association. The question raised by the rule before us, therefore, is whether the defendant has denied the plaintiff's allegations as to value sufficiently to prevent judgment on the pleadings. Had the plaintiff merely averred the value of its stock, and the defendant averred a different value in reply, a clear issue of fact would have been raised for determination by a jury. The plaintiff, however, averred, and the defendant admitted, that the value of the stock at the time of the merger was fixed by the mutual agreement of both the new and the old associations at $94 per share, and this conclusively establishes its value under the authority of Ferrando v. U. S. National B. & L. Ass'n, cited above. As said by Mr. Justice Kephart in that case: "The association adopted the report of the state department as showing the correct value and it was used by the officers in furthering the merger. It would, therefore, be inequitable as regards this shareholder to permit the association to show any other value: Petry v. Harwood Electric Co., supra."

The assets represented by the plaintiff's shares were taken over by the new association at the agreed value of $94 per share. They either had this value or a fraud was perpetrated upon the shareholders of the new association, if the agreed values were false. Indeed, if the defendant's allegation that the plaintiff's stock was not worth more than $10 per share were true, the fraud perpetrated upon the shareholders was gross. While of course, in one sense, the plaintiff has no concern with such a fraud, for it does not affect it as a shareholder in the new association, the defendant should not be permitted to repudiate its representation to its stockholders upon which the plaintiff acted, when it elected to take that valuation rather than become a member of the new association.

In addition, the averment of the affidavit of defense that the shares were not worth more than $10 "after payment of creditors" of the old association is merely an averment that $10 per share was the liquidating value of the plaintiff's stock. This, as already pointed out, is not the measure of the recoverable value of the shares. Hence, by failing to aver what the real actual value of the plaintiff's shares was, the defendant has admitted their value as pleaded by the plaintiff.

For the foregoing reasons, the affidavit of defense is adjudged insufficient, and judgment is entered in favor of the plaintiff and against the defendant for $40,044, being the principal sum of $37,600, with interest from April 7, 1931, to date.