# Berlizheimer v. Asset Building and Loan Association

*William C. Hayes*, for plaintiff; *Emanuel Moss*, for defendant.

DAVIS, P. J., October 3, 1932.—The plaintiff avers in her bill that she is a citizen of the Commonwealth of Pennsylvania and a resident of the County of Philadelphia; that defendant is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania and was and is doing business in the City of Philadelphia; that the defendant corporation was formed by the merger and consolidation of Arco Building and Loan Association, Simon Greenbaum Building and Loan Association and Asset-Interest Building and Loan Association, all corporations organized and existing under the laws of the Commonwealth of Pennsylvania and doing business in the City of Philadelphia; that plaintiff is and was, prior to April, 1930, the owner of 52½ double shares of the stock of the first series and five double shares of stock of the second series of Arco Building and Loan Association; that from January, 1924, to and including the month of May, 1930, there had been paid to the Arco Building and Loan Association as dues on said 52½ double shares of the first series the sum of $105 monthly, a total of $8085, and on said five double shares of the second series the sum of ten dollars monthly, a total of $710, or a total on both series of $8795; that, on April 24, 1930, plaintiff sent by registered mail to Lester J. Moses, Secretary of the Arco Building and Loan Association, and on May 21, 1930, delivered to the said secretary, a written notice of her desire to withdraw as a stockholder of the Arco Building and Loan Association; that the said notice was presented at a regular meeting of the board of directors of the said association held on or about May 21, 1930; that the Arco Building and Loan Association failed to pay to the plaintiff the withdrawal value of her stock; that, on September 10, 1930, a special meeting of stockholders of the Arco Building and Loan Association was held for the purpose of voting upon a merger and consolidation of the said Arco

Building and Loan Association with the Asset-Interest Building and Loan Association and Simon Greenbaum Building and Loan Association; that the plaintiff did not consent to the merger and voted against the proposed merger at the meeting; that the merger and consolidation was completed, and that the defendant Asset Building and Loan Association was formed as a result of the merger. All of the averments of plaintiff's bill were admitted. Plaintiff prays for a decree requiring the defendant corporation to pay her the value of her stock at the time of the merger; and, further, that the said defendant corporation be restrained from transferring or conveying any of its assets until such payment be made to the plaintiff; and that the defendant corporation be ordered and decreed to furnish plaintiff a statement of the value of her stock as of the date of the organization of the defendant by merger of the Arco Building and Loan Association, the Simon Greenbaum Building and Loan Association and the Asset-Interest Building and Loan Association. A certified public accountant testified as to the value of plaintiff's shares in the respective series as of September 30, 1930. This valuation was fixed at $6226.90.

The defendant presents five grounds of defense to the right of plaintiff to a decree: (1) insolvency; (2) adequate remedy at law; (3) failure to proceed under the Act of 1909; (4) laches; and (5) an order from the Department of Banking to pay no withdrawals.

We will consider these in the order named.

1. It was held in Friedman v. Southern Coöperative B. & L. Ass'n, 104 Pa. Superior Ct. 514, that where a stockholder of a building and loan association objects to a proposed merger and refused to become a stockholder in the consolidated corporation, it is no defense, in an action against the consolidated corporation to recover the amount so agreed to be paid, that defendant is insolvent and that to pay plaintiff would give him an unjust preference over other stockholders, since plaintiff never became a stockholder of the new corporation but is its creditor to the extent of the agreed value of the stock, and is, therefore, entitled to priority as such over the stockholders. The financial status of a defendant corporation is not controlling: In Ferrando v. U. S. National B. & L. Ass'n, 307 Pa. 25, 27, it was held: "When a corporation, against the protest of one of its stockholders, transfers all its assets, either through sale or merger, to another corporation, a dissenting stockholder is entitled to demand and receive in cash the value of his stock at the time of such transfer: Koehler et al. v. St. Mary's Brewing Co. et al., 228 Pa. 648; Maxler v. Freeport Bank et al., 275 Pa. 510; Ringler v. The Atlas Portland Cement Co. et al., 301 Pa. 176; 3 Cook on Corporations, 8th edition, Sec. 671; 1 Savidge on Corporations in Pennsylvania, Sec. 207."

2. Should plaintiff's bill be dismissed if she has an adequate remedy at law? Rule 49 of the Rules of Equity Practice provides: "If the only objection sustained is that plaintiff has a full, complete and adequate remedy at law, the bill shall not be dismissed, but shall be certified to the law side of the court for further proceedings." This question, however, should be raised as a preliminary objection and not at hearing on bill and answer. In Wright et al. v. Barber, 270 Pa. 186, it was held, quoting from the syllabus: "Under the Act of June 7, 1907, P. L. 440, if the court below would have had jurisdiction over the subject matter of a bill had the action been begun at law, an objection to the jurisdiction in equity will not be considered unless it is raised by demurrer or answer explicitly so stating; and if so raised will be treated as waived unless the parties require it to be decided in limine before a hearing of the cause on the merits." (See, also, McConville v. Ingham et al., 268 Pa. 507.)

It was further said: "The purpose and effect of this act [June 7, 1907, P. L. 440] is not merely to justify a court of equity in deciding a case wherein it has general jurisdiction of the subject matter, and the only question is as to its right to proceed in the particular instance; for this was the legal situation before the act was passed." (See Adams's Appeal, 113 Pa. 449; Penna. R. R. Co. v. Bogert, 209 Pa. 589; Smith v. McClure, 257 Pa. 168.)

3. Failure to proceed under the Act of May 3, 1909, P. L. 408. In Barnett v. Phila. Market Co., 218 Pa. 649 (1907), it was held that a dissenting stockholder was not confined to the remedy provided by the Act of May 29, 1901, P. L. 349, but that a bill in equity was the proper method to ascertain the value of the stock and to secure payment therefor. Whilst this decision was handed down prior to the Act of 1909, section five of the Act of May 29, 1901, is verbatim with the Act of May 3, 1909, P. L. 408. See Petry v. Harwood Electric Co., 280 Pa. 142 (1924).

4. Should plaintiff's bill be dismissed on the ground of laches? Plaintiff's bill was filed February 13, 1932. The defendant association was not injured by failure of the plaintiff to file the bill at an earlier date. Plaintiff's voting against the merger, of which act the defendant was cognizant, was in the nature of notice to the defendant of plaintiff's claim. "But mere delay in asserting a right does not, ipso facto, bar its enforcement in equity, by the great weight of authority, unless the case is barred by the statute of limitations:" 21 C. J. 221, Sec. 219.

"Laches is not to be imputed to a party from mere lapse of time alone; it is an implied waiver arising from knowledge of existing conditions and an acquiescence in them:" Riley v. Boynton Coal Co., 305 Pa. 364, 368. In the instant case, there is no evidence to show the acquiescence of plaintiff in the merger with the defendant corporation.

5. We are of opinion that the order from the Department of Banking to direct the defendant association to pay no withdrawals does not defeat plaintiff's right to recover in this action the value of her shares at the time of the merger. The plaintiff is not a shareholder of the defendant association. She is a creditor and not a withdrawing stockholder of the defendant association. See Sperling v. Euclid B. & L. Ass'n, 16 D. & C. 487.

## Conclusions of law

1. Sarah Berlizheimer, plaintiff, is a dissenting stockholder to the merger of Arco Building and Loan Association and is entitled to demand and receive in cash the value of her stock at the time of the merger.

2. The value of plaintiff's stock at the time of the merger was $6226.90, as fixed by the report of the certified public accountants and adopted by the consolidated association.

3. Plaintiff is entitled to a decree directing payment to her of the sum of $6226.90, with interest thereon from September 30, 1930.

## Decree nisi

And now, October 3, 1932, it is ordered and decreed

1. That the defendant pay to the plaintiff the sum of $6226.90, being the actual value of the shares of stock owned by her in the Arco Building and Loan Association at the time of the merger on September 30, 1930, with interest from that date.

2. That the defendant, Asset Building and Loan Association, its officers and agents, be enjoined and restrained from transferring, assigning or con-

veying any of its assets until payment to the plaintiff of the value of her stock.

3. That the defendant pay the costs of this proceeding.