## In re Stanley-Milton Building & Loan Association

*Jos. Smith*, for accountant.

*Charles A. Wolfe*, for Louis J. Brecker, exceptant.

PARRY, J., November 2, 1934.— . . . . In May 1928, Louis Brecker gave notice of withdrawal of 100 shares of stock in Stanley Building & Loan Association standing in his name. Thereafter, he was paid about $4,000 on the withdrawal value of these shares.

In March 1929, Stanley Building & Loan Association merged with others into Stanley-Milton Building & Loan Association.

In May 1930, the Secretary of Banking took possession as receiver of the business and property of Stanley-Milton Building & Loan Association. With him Brecker filed a claim for the unpaid balance of the withdrawal value of his shares, claiming priority as a general creditor of the merged association.

The accountant objected to Brecker's claim for priority and listed it to share pro rata with withdrawing shareholders in the merged association.

A disagreement as to the amount of the claim has been settled by a stipulation filed, fixing it at $7,300.

The question presented is one that has not been decided by our appellate courts. In the case of Weinroth, Executrix, v. Homer B. & L. Assn., 310 Pa. 265, 272, Mr. Justice Kephart observed:

"When a merged company is insolvent or liquidating, the question of unscrambling the rights of creditors and dissenting, withdrawing, and assenting shareholders, has never been passed on by us. . . .

". . . There may be a clash between creditors of the constituents and those of the merged company. We do not pass on this question. Nor do we pass on the right of a creditor of a merged concern as such as opposed to rights of dissenting and withdrawing members of a constituent. All these contests may become a question of marshalling of assets."

In the case of Sharps v. Homer B. & L. Assn., 111 Pa. Superior Ct. 556, 559, the court, referring to a shareholder in a constituent association who had not assented to a merger said:

"By not assenting to the merger of the old Homer Building & Loan Association and the Second Homer Building & Loan Association, into the consolidated or merged Homer Building & Loan Association,—the present defendant,—he became a creditor of the new or merged association".

In the case of Friedman v. Southern Co-Operative B. & L. Assn., 104 Pa. Superior Ct. 514, 516, the court held: "When the consolidated corporation was organized and letters patent were issued to it, she [a dissenting shareholder] did not become a shareholder of the new corporation but was its creditor in the amount of the value of her stock".

The accountant argues that the term "creditor" is loosely used and that a withdrawing or nonassenting shareholder's rights are inferior to those of the general creditors of the new merged association. We see no reason why they should be considered inferior. The withdrawing member was never a shareholder in the new association nor interested in its affairs in any way except to have the debt paid. He became a creditor at the moment of the merger, so that his claim is prior in time to that of any person who extended credit to the association after the merger. He should therefore share pro rata in any fund available to those who are creditors of the merged association only.

However, the cases already cited definitely establish that the exceptant's claim is, at least in certain respects, inferior to those of the creditors of the constituent association of which he was once a member. In the Sharps case, supra, at page 559, the court held:

"His [a nonassenting shareholder's] rights as against the assets and property of that [the constituent] association were subordinate to the rights of the creditors of that association, both preferred and ordinary".

But it is to be observed that this language limits the preference so established to a preference in the assets of the constituent association. It follows, then,

that creditors of constituent associations should be paid first out of the assets of the association of which they were originally creditors up to the extent such assets are available. As to the unpaid balance of their claims, they should share in the remaining assets of the merged association pari passu with the creditors of the merged association, including withdrawing shareholders in constituents. The accountant protests that the task of marshalling the assets which came into the secretary's hands would be fraught with tremendous difficulties. Prima facie, however, all the assets which came into his possession were assets of the merged association, which creditors of merged and constituent associations share alike. Any creditor of a constituent association may require that the assets be marshalled, but in so doing he assumes the burden of showing to which assets his preference attaches. No creditor has undertaken to do so here, hence the fund available for distribution is to be shared pro rata by all creditors, including the exceptant. The exception is therefore sustained. . . .

### Exceptions of Beatrice Bains and Louis Feldman

These exceptants withdrew from Stanley-Milton Building & Loan Association when it was still solvent. Subsequently, they brought suit for the withdrawal value of their shares and obtained judgments against the association, one of which was entered in January 1930, the other in March 1930. By virtue of these judgments, the exceptants acquired liens on certain real estate held by the association.

After the Secretary of Banking took possession in May 1930, the exceptants released these properties from the liens of their judgments in order that they might be sold to wind up the affairs of the association. By agreement with the secretary as to one property and by a decree of this court as to the others, the exceptants' liens were thrown upon the funds realized from the sale of the properties, subject to the court's ultimate approval of their rights as lienholders.

The amount realized from the sale of the properties was sufficient to pay both judgments in full. The exceptants claim to be entitled to such payment, or at least to share pro rata with creditors entitled to priority, whereas the accountant has listed them for payment after other creditors have been paid in full.

Our courts have definitely adopted the policy that, on liquidation of building and loan associations, general creditors are always to be preferred to those whose claims originated by reason of their having been shareholders in the association. No case, so far, deals with the question upon actual distribution by the liquidator, but in Weinroth, Executrix, v. Homer B. & L. Assn., supra, and in Sharps v. Homer B. & L. Assn., supra, execution on judgments obtained against the association was stayed in order to prevent the holders of those judgments from obtaining a preference over those whose claims were superior or of equal rating.

Solvency of the association at the time the judgments were entered does not affect the creditors' present status. The test is whether their claims arose from their having been stockholders.

These exceptants, having been stockholders in the merged association, must yield to all general creditors of that association.

The exceptions are therefore dismissed.