## Mechanics & Workingmen's Building Association, Appt., v. Annie Monroe.

In an action to recover of a building association the value of certain shares of its stock which had matured, which has been demanded and unjustly refused, *held*, that the circumstances of the case and the condition of the association justly entitle the plaintiff to the sum decreed to be paid.

(Decided January 17, 1887.)

January Term, 1886, No. 362, E. D., before MERCUR, Ch. J.,

NOTE.—Where the association has declared stock matured, the owner is entitled to the full value of his share in cash. Mercer v. Ambler Bldg. & L. Asso. 2 Lack. Jur. 123. And a by-law requiring the holder to bid for priority of repayment is of no effect. Rodgers v. Southwestern Mut. Sav. Fund & Bldg. Asso. 7 W. N. C. 95.

GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.   Appeal from a decree of the Common Pleas No. 3 of Philadelphia County dismissing defendant's exceptions to a master's report and confirming the same in an action to recover the value of certain shares of stock.   Affirmed.

This was a bill in equity filed by Annie Monroe against the Mechanics & Workingmen's Building Association of Philadelphia to recover $1,000 with interest, being the alleged value of five shares of stock of the defendant association owned by plaintiff below, which stock she claimed had matured.   The case was submitted to a master before whom the following facts appeared:

The defendant was a corporation organized under the act of 1859 and commenced business in 1867.   Its constitution and by-laws provided that each stockholder for each share of stock should pay the sum of $1 per month upon each share, until the value of the whole stock should be sufficient to divide to each share the sum of $200.

The complainant subscribed for five shares of stock in the first series, and paid $5 per month thereon up to and including the month of April, 1876, at which time the board of directors declared the stock in such first series to be worth $200 per share on the payment of 50 cents per share, which sum the complainant paid; and her book, as well as those of the other nonborrowing stockholders, was marked by the secretary "fully paid up." The whole of the stock in such first series has been paid up since such day, with the exception of that owned by complainant.

The directors have declared such first series of stock to be worth $208 by their annual reports in 1877; $216 in 1878; $224 in 1879; $232 in 1830; $238 in 1881; $244 in 1882; $250 in 1883; 256 in 1884.

The second and third series of stock in such association have been declared matured and the association is paying the same.

The bill alleged the facts substantially as above given, and further that the plaintiff has frequently demanded payment of her shares of stock of the officers of the association, but her demand has always been refused; that the refusal to pay does not arise from any inability on the part of the association to pay, and that (instead of paying the complainant the sum of $1,000) the association unjustly and unlawfully demands as a condition precedent to her receiving any money whatever that she should

appear at one of the meetings of the association and bid for her money, thereby suffering a deduction, which complainant has refused to comply with.

The answer filed by defendant admitted most of the allegations set forth in the bill, and further averred that the secretary had no power to mark complainant's account book "paid;" that the board of directors was in error and committed a gross mistake in declaring the first series worth $200 in April, 1876; that at that time said stock was not worth more than $155 per share; that a number of the officers and directors were borrowers in the first series, and that upon the passage of the resolution of April, 1876, declaring the shares to be worth $200 each, they passed a resolution authorizing the solicitor to satisfy their mortgages; that the officers and directors managed the affairs of the association for their own benefit and advantage, and to the injury of the stockholders, and that their conduct in declaring the stock in the first series to be worth $200 per share was fraudulent and consequently their action void; that the defendant—being embarrassed and desiring to act justly towards all the stockholders—established a rule whereby one half of its receipts should go towards paying the stockholders in the first series, and the other half to pay withdrawing stockholders.

The stockholders of the first series were required to bid among themselves for preference of payment, and the premium so bid to go to the association; that every stockholder in the first series (except the plaintiff) acquiesced in said rule and received their money from the defendant under the same. Defendant also set up the statute of limitations in bar of complainant's claim.

There was no dispute as to the above facts alleged in the complaint and answer, except as to the allegations that the resolution of the board of directors passed in 1876 was erroneous, and that the stock was only worth $155 a share.

It was claimed by the defendant that the calculation which the officers made at that time was based upon an erroneous principle, but it did not appear that the directors had at any time admitted that any mistake was made; but on the contrary all the annual reports to date were made upon the same principle of calculating the assets, and no mention is made of any loss to the company.

The master, upon the foregoing facts, recommended a decree

against the defendant, for the sum of $1,000 with interest from May 18, 1876.

Exceptions to the master's report were overruled in the court below and the report was confirmed, and a decree entered accordingly, from which defendant appealed, assigning, *inter alia,* as error the action of the court in dismissing the exceptions and confirming the report.

*E. C. Quin* for appellant.

*J. Jos. Murphy* for appellee.

PER CURIAM:

A careful consideration of this case satisfies us that the decree is free from error. The condition of the association and the frequent demand of payment by the appellee justly entitle her to the sum decreed to be paid.

Decree affirmed and appeal dismissed at the cost of the appellant.