Stern *v.* Ashbourne B. & L. Assn., Appellant.

Argued November 11, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Edw. Davis* of *Hirschwald, Goff & Davis,* for appellant.

*M. Jacob Markman,* for appellee.

OPINION BY BALDRIGE, J., February 27, 1931:

This suit was brought by the plaintiff to recover withdrawal value of stock held in the defendant building and loan association. An affidavit of defense was filed, which the court held was insufficient and entered judgment against the defendant; thereupon, this appeal was taken.

Under the Act of April 29, 1874, P. L. 73, Sec. 37, any stockholder of a building and loan association wishing to withdraw from the corporation has power to do so by giving thirty days' notice of his intention so to do, "provided that at no time shall more than one-half of the funds in the treasury of the corporation be applicable to the demands of withdrawing stockholders without the consent of the board of directors." Sec. 2 of the supplementary act, passed April 10, 1879, P. L. 16, provides that "payment of the value of stock so withdrawn, shall only be due when the funds now by law applicable to the demand of withdrawing stockholders are sufficient to meet and liquidate the same, and then only in the order of the respective times of presentation of the notices of such withdrawals, which must have been presented in writing at a previous stated meeting, and have been then and there endorsed as to times of presentation by the officer designated by the by-laws of the association."

A plaintiff's statement of claim "must aver, in clear and concise terms, all facts essential to support the judgment asked": Parry v. First Nat. Bank, 270 Pa. 556. The plaintiff failed to aver that sufficient funds

were in the treasury of the association to meet his demand, or that one-half of the funds therein would cover his claim, or that the board of directors consented to the application of more than one-half of the funds in the treasury to his demand. In the case of Brown v. Victor Building Association, 302 Pa. 254, in an opinion written by Mr. Justice SCHAFFER, the court held that these averments were essential to a summary judgment against a building and loan association.

Furthermore, the affidavit of defense set forth that there was no money available to pay the plaintiff at the time of his notice of withdrawal; that at that time the defendant building and loan association owed the Integrity Trust Company the sum of $28,000; that prior thereto it had sustained serious losses by being compelled to take over ten properties in Erdenheim and nine other properties, giving their locations, on which it had mortgages totalling $25,500; that the defendant association would be able to prove at the trial that the plaintiff's stock was not worth more than one-half of the sum sued for due to the losses sustained and the decreased value of its mortgages. It was also averred that 27 other stockholders had filed withdrawal notices prior to the plaintiff. Attached to the affidavit of defense, and made part thereof, was a statement of the assets and liabilities covering the period from March 1, 1929, to March 1, 1930, which, therefore, included June 15, 1929—the date notice of desire to withdraw was given to the defendant company; this statement shows a deficit of $63,093.35.

In the case of Stone v. New Schiller Building and Loan Association, 293 Pa. 161, in an opinion written by Mr. Justice KEPHART and filed January 5, 1931, the Supreme Court held that "an insolvent association is one that after paying its general creditors cannot pay back to its shareholders dollar for dollar the

amount, of contribution...... Insolvency, actual or potential, is incompatible with the right to withdraw ....... Solvency, in connection with the building and loan association, is not a matter of bookkeeping but of sound business judgment. Where an association is insolvent, as that term is generally understood, or where a succession of withdrawals will precipitate insolvency or have a strong tendency so to do, judgment should not be entered in an action by a withdrawal member.''

A withdrawal under the financial conditions of the defendant would obviously give a preference to this stockholder and result in his being relieved of the responsibility of sharing the losses, which is contrary to the doctrine of our building and loan laws: Christian's App., 102 Pa. 184.

Endlich in his Law of Building and Loan Associations, page 92, states: ''Accordingly, it has been decided in Pennsylvania, that the fact of insolvency of an association negatives the right of anyone to obtain a priority over his fellows by giving notice of withdrawal. 'The right of withdrawal presupposes that at least a relative proportion of the assets will remain for the benefit of those who continue to be active members of the association.' Whilst, therefore, it has been held that members who had given notice to withdraw, and whose notices had matured before the society's insolvency was manifest or declared, were entitled to stand upon their rights as withdrawing members; even to the detriment of those who had not withdrawn, or whose notices had matured; the better and more logical doctrine would seem to be, that the existence of a state of insolvency at the time of the giving of the withdrawal notice, ascertained at any time before actual payment of the claim, renders the notice abortive and destroys the right to withdraw or to claim any benefit under the notice already given.''

The defendant in its affidavit of defense avers that it is insolvent owing to the decrease in value of its assets, and sets forth sufficient facts to support that conclusion. It is impossible to state definitely the extent of the depreciation of the assets resulting from buying in a number of properties to protect its mortgage loans, but it would seem inevitable that it will amount to a substantial sum. It is true that defendant sets up a reserve of $40,000, which the plaintiff argues was "indiscriminate and unauthorized." This action was in effect an estimate of the depreciation of the association's assets. But if we disregard the reserve, the balance sheet still shows that the association is insolvent.

In view of these recent decisions of the Supreme Court, of which the learned court below did not have the benefit, and the nature and amount of the defendant's assets, we are of the opinion that this is not a case where summary judgment should be entered.

Judgment of the court below is reversed with a procedendo.