Weil *v.* Charles Steiner B. & L. Assn., Appellant.

Argued November 12, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*T. Henry Walnut,* for appellant.

*Samuel D. Goodis,* and with him *Sundheim, Folz & Sundheim,* for appellee.

OPINION BY BALDRIGE, J., February 27, 1931:

This suit was brought by the plaintiff to recover the withdrawal value of stock held in the defendant building and loan association. An affidavit of defense was filed which the court held insufficient and rendered judgment against the defendant; and this appeal followed.

The plaintiff's statement is substantially the same as in the case of Stern v. Ashbourne Building and Loan Association, which we held insufficient to support a judgment in an opinion filed this day.

From the affidavit of defense and an analysis of the assets and liabilities of the defendant association, it is manifest that an actual, or at least a potential, in-

solvency appears, and, therefore, the plaintiff was not entitled to withdraw. As Justice KEPHART said in Stone v. New Schiller Building and Loan Association, 293 Pa. 161, "insolvency is incompatible with the right to withdraw."

The plaintiff gave notice of his desire to withdraw, December 30, 1929. The defendant in its affidavit of defense averred "that the affairs of the association are now in such condition that it cannot repay its stockholders the full amount paid in on their stock." It further appears from the affidavit of defense and the balance sheet attached thereto that on April 11, 1930, the total assets of the defendant association were $228,581.11 and the total liabilities, $212,736.80; that on August 1, 1929, the total assets were $357,-406.15 and the total liabilities, $283,675.29. On the latter date, the assets included the face value of second mortgages, amounting to $163,900; the mortgagees owing $78,500 were in default. Prior to these mortgages were liens, amounting to $318,800. The assets also included real estate, which the association found necessary to bid in at sheriff's sale, in an endeavor to protect its liens appraised at $48,150, which were subject to prior liens of $172,600. The amount of cash on August 1, 1929, was $578, and on April 11, 1930, $666.61.

Facing such serious financial straits, a summary judgment should not have been entered, under the recent utterances of the Supreme Court.

Judgment is reversed with a procedendo.