## Brown *v.* Victor Building Association, Appellant.

Argued November 28, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Joseph Sternberger,* for appellant.—A withdrawing stockholder is not entitled to recover the full amount paid in by him where losses have been sustained before his withdrawal notice, which reduce the value of his

stock: Wittman v. Building Assn., 13 Phila. 95; U. S. Building Assn. v. Silverman, 85 Pa. 394; Knoblauch v. Building Assn., 8 Pitts. L. J. 29.

These losses need not have been definitely ascertained: Eaton v. Building Assn., 7 Pa. Dist. R. 440; O'Rourke v. West Penn, 93 Pa. 308; McGovern v. S. & L. Assn., 44 Pa. Superior Ct. 212; United States B. & L. Assn. v. Silverman, 85 Pa. 394; Borowsky v. B. & L. Assn., 13 D. & C. 651.

*John H. Schwarz,* for appellee, cited, as to right of appellee to judgment for value of stock: P. R. R. v. Steel Co., 201 Pa. 624; Anderson v. Williams, 10 Pa. Superior Ct. 329; U. S. Bldg. Assn. v. Silverman, 85 Pa. 394; McGovern v. S. & L. Assn., 44 Pa. Superior Ct. 212; Lepore v. B. & L. Assn., 5 Pa. Superior Ct. 276.

As to right of appellee to lawful interest on stock withdrawal: Hockfield v. B. & L. Assn., 85 Pa. Superior Ct. 336.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1931:

This suit is brought to recover the withdrawal value of plaintiff's stock in defendant building association, which withdrawal value is alleged to be the amount paid in on it, $3,000, with lawful interest on the several payments from the dates when made. An affidavit of defense was filed, which the court held insufficient and entered judgment against defendant for $3,919.10, from which it appeals.

The situation at the present time confronting building associations and their many stockholders is of grave moment. The magnitude of their operations throughout the Commonwealth is realizable from the report of the secretary of banking for the year 1929, which shows that the installment dues paid on their stock for that year amounted to $958,490,459.90, that mortgage loans on shares of stock were granted totaling $1,166,299,-428.97, and that there were 3,899 associations and 1,-

626,015 shareholders. We are advised by judges of the courts of common pleas, particularly in Philadelphia, that the litigation against these associations has reached the point of public concern, and, that unless wisdom is exercised, very disastrous consequences in the way of financial losses are likely to result to a large number of persons whose savings are invested in them.

The Act of April 29, 1874, P. L. 73, section 37, provides, "Any stockholder wishing to withdraw from the said corporation, shall have power to do so by giving thirty days' notice of his or her intention to withdraw, when he or she shall be entitled to receive the amount paid in by him or her, less all fines and other charges; ......Provided, that at no time shall more than one-half of the funds in the treasury of the corporation be applicable to the demands of withdrawing stockholders without the consent of the board of directors." The Supplementary Act of April 10, 1879, P. L. 16, section 2, reads, "Payment of the value of stock so withdrawn, shall only be due when the funds now by law applicable to the demand of withdrawing stockholders are sufficient to meet and liquidate the same, and then only in the order of the respective times of presentation of the notice of such withdrawals, which must be presented in writing at a previous stated meeting, and have been then and there endorsed as to times of presentation by the officer designated by the by-laws of the association."

Written notice of withdrawal was given to the secretary of the association on July 3, 1929, in accordance with the act and the by-laws, and, at the time of suit brought, January 6, 1930, the association had failed to make payment.

The act provides that at no time shall more than one-half of the funds in the treasury of the corporation be applicable to the demands of withdrawing stockholders without the consent of the board of directors and that payment of the withdrawing stock shall be due only when the funds by law applicable to the demand of with-

drawing stockholders are sufficient to meet and liqui-
date the same.

In plaintiff's statement of claim there is no averment
that there are in the treasury of the association suffi-
cient funds to meet his demand, or that one-half of the
funds therein will pay his claim, or that the board of
directors has consented to the application of more than
one-half of the funds in the treasury to his demand. In
view of the language of the statute that payment to him
shall be due only "when the funds now by law applicable
to the demand are sufficient to meet and liquidate the
same," we think he is not entitled to a summary judg-
ment for the value of his stock. All that he avers as
entitling him to judgment is the payment of the amounts
he has made to defendant, his giving of written notice
to withdraw, his demand for payment and the failure of
the association to pay. It is averred in the affidavit of
defense that at the time the notice of withdrawal was
given and at the subsequent meetings of its board of di-
rectors defendant did not have on hand and has not
since had funds sufficient to pay the claim of plain-
tiff as a withdrawing stockholder, nor which are by law
applicable to the payment thereof, that one-half of the
receipts and one-half of the funds in the treasury since
the notice of withdrawal have been insufficient to create
a fund for the payment of plaintiff's claim; that the
funds heretofore received in the payment of dues from
stockholders have been used for the payment of money
borrowed from bank and for other debts which have
precedence and priority over any sum due to plaintiff
as a stockholder and that such debts have not been paid
in full and that the debts were incurred before plaintiff
gave notice of withdrawal. We regard these averments
as sufficient to prevent summary judgment in view of
the deficiencies in plaintiff's statement. Summary judg-
ments against building associations in suits of this char-
acter should only be entered in clear cases. Building
associations differ from ordinary corporations, and

stockholders therein are really partners in the enterprise: Christian's App., 102 Pa. 184. After the payment of general creditors, the residue of the funds belong to the stockholders and should be distributed among them pro rata whether they have given notice of withdrawal and hold orders for the withdrawal value of their stock or not. Both claims are equally meritorious and in marshalling the assets no class is entitled to priority over the other. Withdrawing stockholders are creditors only in a qualified sense, their rights as against those with whom they have been associated as stockholders are very different from those of general creditors, whose claims are based wholly on outside transactions: Ibid.

The judgment of the court below is reversed with a procedendo.