Peraro to Use, Appellant, *v.* Loewe.

Argued October 9, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Harry Polish,* for appellant.

*George E. Beechwood* of *Conlen, Labrum & Beechwood,* for appellee.

OPINION BY KELLER, J., December 16, 1931:

When judgment is entered in an action of assumpsit for want of a sufficient affidavit of defense, it must be because the affidavit fails to aver a sufficient defense to the cause of action set up in the plaintiff's statement. If the affidavit sufficiently answers the averments in the statement on which the plaintiff bases his right of recovery, judgment will not be summarily entered, without a trial, even though the affidavit lays the defendant open to a different attack from that pressed by the plaintiff in his statement.

The plaintiff in this case based its right of action on a book account for goods sold and delivered to the defendant under an oral contract, at prices which were averred to be just, fair and reasonable and the market prices for the said goods. The affidavit of defense denied that the last three shipments, which constitute the subject matter in dispute, were sold and delivered under an oral contract, but averred on the contrary that the entire transaction concerning them was in writing, and consisted of a letter from the plaintiff to the defendant, a cablegram from defendant to plaintiff and a cablegram from plaintiff to defendant, and definitely called for goods of a certain color, in certain sizes, and at fixed prices. It is clear that on a trial the plaintiff could not, without amendment, recover on a statement averring an oral contract, if supported by proof of a contract wholly in writing.

On the other hand if the plaintiff's allegation of an

oral contract, as above set forth, is the correct one, then the defendant's denial that the prices charged were fair, just and reasonable and the market prices for the said goods and that the defendant orally agreed to pay said prices for the same, followed by a definite averment as to what were the just, fair, reasonable and market prices for the goods, would prevent a summary judgment based on figures in excess of those fixed by the defendant.

The plaintiff is here seeking the entry of a summary judgment against the defendant based on alleged insufficiencies and inconsistencies in his affidavit of defense, apart from the cause of action actually declared on in its statement.

We agree with the court below that much of the matter set up by the defendant would be insufficient to prevent a judgment if the plaintiff had declared on a different cause of action. But as the statement is drawn the affidavit is sufficient to prevent a judgment. If the plaintiff's right to a summary judgment is doubtful or uncertain, judgment will not be entered. Judgment is entered for want of a sufficient affidavit of defense only where the plaintiff's right is clear and free from doubt: Wilson v. Bryn Mawr Trust Co., 225 Pa. 143.

The plaintiff's claim is not founded on the trade acceptance referred to in the statement, but on the book account based on an oral contract. The reference to the trade acceptance is only incidental and cannot affect the real cause of action declared upon.

The assignments of error are overruled and the order is affirmed.