## Sperling et al. v. Euclid Building and Loan Association.

*Abraham L. Freedman* and *Leon E. Sperling*, for plaintiffs.

*Herman D. Levinson*, for defendant.

PARRY, J., April 21, 1932.—This case is before us on rule for a decree for the amount admitted by the answer to be due. The bill avers that the plain-

tiffs, as members of the defendant association, held shares in its fifth series, on which they made payments in full, amounting to $3400. That when the said shares reached the par value of $200 on March 9, 1930, they were declared matured, pursuant to a resolution of the board of directors, whereupon plaintiffs became entitled to receive from defendant the sum of $5000, the matured value of their shares. That upon maturity of the shares the association canceled a stock loan of the plaintiffs in the sum of $1000 and paid them $600 on account, leaving a balance due and owing of $3400. That the association is solvent, but upon demand refuses to pay the amount due.

These averments are all admitted in the answer, which sets up "new matter" to the effect that on March 9, 1930, the association had bank loans of $33,000 and was indebted to withdrawing stockholders in the sum of $6255. That the monthly receipts of the association have not been sufficient to pay off the loans and the withdrawing shareholders, both of which it is asserted are entitled to priority. That an entry of judgment in favor of the plaintiffs and execution thereon will have a tendency to cause the association to become insolvent. That the plaintiffs are not entitled to interest and that the defendant association has been notified by the department of banking that no money should be paid out to the stockholders.

The sufficiency of the answer appears to depend on the right claimed by the association to postpone payment to shareholders for stock which it has itself declared to be matured. The defendant relies on the recent case of Brown *v.* Victor Building Association, 302 Pa. 254, in which it was held that withdrawing stockholders are creditors only in a qualified sense and can only share *pro rata* in the residue of the funds of the association after the payment of general creditors; but we do not think that this case controls the question before us. It seems to be well settled that where a series of stock matures, borrowing members in that series are entitled to have their obligations canceled and the securities therefor returned: Tyrrell Loan and Building Ass'n *v.* Haley, 139 Pa. 476. We see no reason why, upon maturity, the status of non-borrowing should not be the same as borrowing stockholders.

In Mercer *v.* Ambler Building and Loan Ass'n, 10 Pa. C. C. 51, Arnold, J., said:

"When the association declares that any series has matured, the borrowers from that series are entitled to have their mortgages satisfied; and conversely when the association declares that the borrowers are entitled to have their mortgages satisfied, it thereby, by necessary implication, declares that the shares are worth the full $200 agreed on at the beginning as the maximum, and the non-borrowers are entitled to their shares in full in money."

The fact that the association does not have sufficient funds is no defense: Mechanics and Workingmen's Building Ass'n *v.* Monroe, 4 Sadler 468; nor do we think that the outstanding withdrawal claims and bank loans are entitled to priority in payment. In fact, such loans are frequently made to enable building associations to pay off maturing stock.

The remaining contentions of the defendant require little notice. The banking department's reasons for advising the association to pay no money to stockholders do not appear, but if relied on should have been stated in order that their sufficiency might be considered by the court; while the allegation that the entry of judgment will have a tendency to cause the insolvency of the association does not seem to us to have any legal effect.

Plaintiffs' rule for a decree for the amount admitted to be due is made absolute in the sum of $5000, less a credit of $1600, with interest on the balance from the date of maturity of the shares.