Max Wool, Appellant, *v.* Keller B. & L. Assn.

Argued September 30, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Oscar Rosenbaum,* for appellant.

*M. L. Casman,* for appellee.

OPINION BY KELLER, J., November 21, 1932:

This was an action in assumpsit brought by a shareholder in defendant building and loan association for the withdrawal value of his shares. It was tried by a judge without a jury. His findings on matters of fact in dispute, if any, have the force and effect of the verdict of a jury.

The plaintiff did not aver in his statement of claim, nor prove, any of the essentials of his case beyond the fact that on June 6, 1930, he gave notice of withdrawal, that this withdrawal notice was placed by the defendant on the withdrawal list, being No. 8 on the list. He did not prove or attempt to prove that at the time of bringing suit his turn on the withdrawal list had been reached. [p. 30-a].

The cases on which appellant's counsel relies have been modified by the recent decisions of the Supreme Court in Brown v. Victor B. Assn., 302 Pa. 254, 153 Atl. 349, and Stone v. Schiller B. & L. Assn., 302 Pa. 544, 153 Atl. 758, which were followed by this court in Weil v. Steiner B. & L. Assn., 100 Pa. Superior Ct. 550, and Stern v. Ashbourne B. & L. Assn., 100 Pa. Superior Ct. 561.

The evidence relied on by appellant established nothing more than that one of the directors of the association had lent to the association certain moneys with which to liquidate and pay some of the withdrawing stockholders at less than the withdrawal value of their stock, with the understanding that such sums would be repaid him only if and when the shares of the stockholders so paid off would be available for that

purpose. Such an arrangement did not have the effect of postponing or in any manner affecting injuriously the appellant's rights. On the contrary, they were benefited, along with the other stockholders, to the extent that the association benefited by the discount from the withdrawal value.

The transaction differed in no respect from a purchase by the director out of his own funds of the shares of stock of certain shareholders at less than the withdrawal value, except that by the arrangement here adopted, the association got the benefit of the discount.

The assignments of error are overruled and the judgment is affirmed.