Budd, Appellant, *v.* Logan Building & Loan Association.

Argued October 18, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Joseph M. Smith,* and with him *Michael T. McManus* and *Joseph Neumann Smith,* for appellant.

*Jacob W. Allen,* for appellee.

OPINION BY BALDRIGE, J., February 1, 1934:

The plaintiff was the owner of thirty shares of free stock in the fourth series of the Logan Home Buyers Building and Loan Association. On February 27, 1930, he gave formal notice of withdrawal. Sometime that month (day left blank), the directors of the Logan Home Buyers Building and Loan Association, the Dora Romm Building and Loan Association and the Gold Seal Building and Loan Association entered into an agreement to merge the three associations into a new association, to be known as the Gold Seal Building and Loan Association. Under the Act of May 3, 1909, P. L. 408, §2 (15 PS §422), this agreement, at a meeting held March 12, 1930, was submitted to the stockholders of the various associations, who duly approved it. Plaintiff did not expressly assent nor actively dissent to the merger.

Suit was brought to recover the value of plaintiff's shares, as of February 27, 1930, against the "Logan Home Buyers Building and Loan Association merged with and now known as Gold Seal Building and Loan Association." A summons was served on the Gold Seal Building and Loan Association. An affidavit of defense was signed and filed by David Robinovitz, "Secretary of the Gold Seal Building and Loan Association, defendant above named." A defense was set up to the merits, no specific objection being made in any of the pleadings that the suit was improperly instituted. After the conclusion of the testimony, before the verdict, the trial judge expressed the opinion

that the suit was against the Logan Home Buyers Building and Loan Association, and the plaintiff was given an opportunity to amend the pleadings so as to make the action against the Gold Seal Building and Loan Association. The plaintiff refused to amend. The lower court thereupon entered a verdict for the defendant on the ground that the suit was improperly brought. In so doing, we think the learned court below erred.

There can be no doubt that, after merger, the constituent associations ceased to exist, and the plaintiff's remedy was against the consolidated corporation: Weinroth v. Homer B. & L. Assn., 310 Pa. 265, 165 A. 28; Nice Ball Bearing Co. v. Mortgage B. & L. Assn., 310 Pa. 560, 166 A. 239. In our opinion, this action was, in fact, brought against the Gold Seal Building and Loan Association. The historical recital in the title was unnecessary, but it did not change the name of the real defendant. No question was raised during the trial that the right party was not in court; to the contrary, the defendant admitted a liability. The dispute was confined to what the actual value of plaintiff's shares was at the time of the merger.

As this case must be returned for retrial, it might be helpful to express our views on the admissibility of certain evidence objected to by the appellant. At the trial, appellant claimed a withdrawal value of $1,290, based upon a letter of February 1, 1930, written by David Robinovitz, secretary. The defense set up was that the secretary had erroneously stated that the "withdrawal value" was $1,290, as that amount was, in fact, the "paid-in-value;" that the actual value of the stock was $565, as determined by the appraisals under the merger agreement. This agreement was admitted in evidence over the appellant's objections that he had not assented thereto and was not bound thereby. He objected also to the testifying by the secretary and auditor to the value of his stock as that value

was based upon the appraisal of the real estate and mortgages made by the officers of the association. This appraisal was reduced to writing and approved not only by the directors but also by the stockholders —in other words, by the owners of the assets. We think the appraisal could be properly considered by the auditor and the secretary in estimating the value of plaintiff's stock. The situation was somewhat similar to the sale of real estate by the Logan Home Buyers Building and Loan Association, where the witnesses had knowledge of the consideration paid, therefor. It would have been competent for the witnesses, in that event, to have considered that information in determining the value of the property. We see no reason why the values placed on the mortgages and real estate, and agreed to in this consolidation, should not have been a guide to these witnesses in fixing values. We find no error, therefore, in the court's ruling on the admission of the agreement and the witnesses' testimony, to which we have referred.

Judgment is reversed with a venire.