Gorges *v.* Greater Adelphi Building and Loan Association, Appellant.

Tretch *v.* Greater Adelphi Building and Loan Association, Appellant.

Argued October 16, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Emanuel Moss,* of *Moss & Moss,* for appellant.

*Frank A. Simons,* of *Bender & Rubin,* for appellee.

OPINION BY KELLER, P. J., January 31, 1936:

These appeals raise the same legal questions. They were argued together and will be disposed of in one opinion.

The two cases were tried together before a judge of the municipal court without a jury. The pleadings are substantially the same in both cases. The differences between them are not of material consideration in this court.

The statements of claim filed do not make it clear whether the plaintiffs, who were shareholders of the Adelphi Building and Loan Association, who had given notice of intention to withdraw their shares prior to its merger with Cooperative Building and Loan Association under the name, Greater Adelphi Building and Loan Association, brought these actions against the

new or consolidated association as withdrawing stockholders of the Adelphi Association, or as stockholders who had voted against and dissented from the merger. The learned trial judge was of the opinion that the actions were brought by plaintiffs as withdrawing stockholders, and that the evidence sustained findings in their favor in that capacity. Our reading of the record does not support this view. In the first place the several amounts sued for were not the respective withdrawal values of their stock, or the amounts which the plaintiffs had respectively paid into the Adelphi Association as dues, but represented only fifty per cent of the paid in value of their stock, which was the proportionate value of the Adelphi Association stock at the time of the merger, as fixed by the agreement of merger. If the association is insolvent, (in the sense referred to in Kurtz v. Bubeck, 39 Pa. Superior Ct. 370, 379, and Stone v. Schiller B. & L. Assn., 302 Pa. 544, 552, 153 A. 758), notice of withdrawal by a stockholder is ineffective: Stone v. Schiller B. & L. Assn., supra, p. 552; if solvent, a stockholder, who has given notice of withdrawal before merger proceedings, is entitled to receive the withdrawal value of his stock at the time his notice of withdrawal became effective; for his rights as a withdrawing stockholder became fixed as of that date: Weinroth v. Homer B. & L. Assn., 310 Pa. 265, 273, 165 A. 28. In several cases, however, where the withdrawing stockholder, in his statement of claim demanded a less amount, to wit, the value of his stock as appraised on a subsequent merger, the amount recoverable was fixed by the sum demanded in his statement of claim: Hall v. Greater Adelphi B. & L. Assn., 113 Pa. Superior Ct. 14, 171 A. 427; Budd v. Logan B. & L. Assn., 112 Pa. Superior Ct. 65, 170 A. 325. In the second place, the statements of claim did not set forth the necessary averments required to be made in an action by a withdrawing stockholder since the decision of the Supreme

Court in Brown v. Victor Building Assn., 302 Pa. 254, 153 A. 349. That case points out that a plaintiff's statement, in such an action, ought to contain all the averments necessary to bring the case within the statutory requirements in force at the time: (1) That at no time shall more than one-half of the funds in the treasury of the corporation be applicable to the demands of withdrawing stockholders without the consent of the board of directors, (2) that payment of the withdrawing stock shall be due only when the funds by law applicable to the demand of withdrawing stockholders are sufficient to meet and liquidate the same, and (3) then only in the order of their respective withdrawals. Absence of such averments constitutes "deficiencies in plaintiff's statement." While it is true that that case was concerned with the entry of judgment for want of a sufficient affidavit of defense, it must be borne in mind that an essential requirement of a plaintiff's statement in order to secure a summary judgment on the pleadings is also an essential element to be proved on the trial of the case. The plaintiffs failed to prove these essential elements to sustain their actions, if brought as withdrawing stockholders. See also, as to the necessary averments and proof in such cases: Wool v. Keller B. & L. Assn., 106 Pa. Superior Ct. 492, 493, 163 A. 38; Odessa Independent Beneficial Assn. v. Stechert B. & L. Assn., 107 Pa. Superior Ct. 177, 179, 163 A. 32.

But the judgment need not be reversed, if it is sustainable as an action by a dissenting shareholder to the merger, and the evidence raises no dispute of fact but only a question of law. If the issue was rightly decided the judgment will not be reversed because the trial judge may have given a wrong reason for its entry.

The judgments are admittedly sustainable in favor of the plaintiffs as dissenting shareholders, if they are not

barred by the Act of May 15, 1933, P. L. 794, which is printed in the margin.[1]

On a cursory reading of the Act we were inclined to agree with the contention of the appellants, that as this merger became effective on February 27, 1933,[2] and the actions were not brought until June 4, 1934, they

[1] "AN ACT Limiting the period within which non-assenting or dissenting shareholders of building and loan associations, which have merged and consolidated, or which shall merge and consolidate prior to the third day of July, one thousand nine hundred thirty-three, may enforce their rights.

Section 1. Be it enacted, &c., That where a building and loan association has, or shall become, a party to an agreement of merger and consolidation prior to the third day of July, one thousand nine hundred thirty-three, any shareholder of such association, who has voted against, or who has not voted for or against, such merger and consolidation at the meeting of shareholders at which the merger and consolidation was adopted, shall be forever barred from exercising any rights which he shall have as a non-assenting or as a dissenting shareholder, whether at law or in equity, unless he shall commence, or shall have commenced, proceedings, at law or in equity, to enforce such rights either within six months after the effective date of this act, or within six months after the date upon which the merger and consolidation has, or shall become effective.

Section 2. This act shall not be construed (1) to lengthen the period within which a shareholder who has objected to, and voted against, a merger and consolidation may, under section five of the act, approved the third day of May, one thousand nine hundred nine (Pamphlet Laws, four hundred eight), entitled 'An Act authorizing the merger and consolidation of certain corporations,' petition the court of common pleas to appoint appraisers to estimate and appraise the damages, if any, done to him by the merger and consolidation, nor (2) to affect any right which a shareholder of either or any of the merging or consolidating associations, who has voted against, or who has not voted for or against, the merger and consolidation may have in the building and loan association resulting from the merger and consolidation.

Section 3. This act shall be effective immediately upon its approval by the Governor."

[2] Or March 31, 1933. See Hall v. Greater Adelphi B. & L. Assn., supra, p. 16.

were begun more than six months after the effective date of the Act (May 15, 1933) and more than six months after the merger became effective (February 27, 1933) and each plaintiff was, in consequence, "barred from exercising any rights which he shall have as a non-assenting or as a dissenting shareholder, whether at law or in equity." But a more careful reading of the whole statute has led us to a different conclusion. If Section 1 of the Act is referring to the exercise of rights "at law or in equity" which the dissenting shareholder may have against the new or consolidated association, which resulted from the merger and consolidation, how can it be reconciled with the provision in Section 2, that "This act shall not be construed ...... (2) to affect any right which a shareholder of either or any of the merging or consolidating associations, who has voted against ...... the merger and consolidation may have in the building and loan association resulting from the merger and consolidation"? If he dissented from the merger and consolidation, and persists in such dissent, he does not become a member of the new or merged association: Weinroth v. Homer B. & L. Assn., supra;[3] Friedman v. Southern Co-Op. B. & L. Assn., 104 Pa. Superior Ct. 514, 516, 517, 159 A. 80. . What rights, then, does a dissenting shareholder have against the consolidated association except to require payment of the value of his stock under the merger,—which, in this case, was fixed as to the constituent Adelphi Association, at 50% of the dues paid in, and assented to by these appellees in their statement of cause of action? Such value may be agreed upon in the absence of fraud, etc.; Friedman v. Southern Co-Op. B. & L. Assn., supra. The rights of the dissenting shareholders became "fixed and stationary" as of "the day of merger": Weinroth v. Homer B. & L. Assn., supra, p. 273. If those rights

---

[3] "Nor, of course, is she a shareholder in the consolidated association" p. 269.

are not affected by the Act of 1933,—and the Act specifically says they are not—they can be enforced by action and are not affected by the limitation of six months in that statute.

Giving full effect to the exception in Section 2 (2), unless the whole Act is to be declared inoperative as in irreconcilable conflict, the provisions of Section 1 must be limited to actions at law or in equity (See Weinroth v. Homer B. & L. Assn., supra, p. 272; Merwine v. Mt. Pocono Light & Improvement Co., 304 Pa. 517, 522, 156 A. 150), brought by a dissenting shareholder against the original association of which he was a member, and not to actions to enforce the rights expressly reserved to him against the consolidated association. What suits or actions against the constituent association, if any, might have been in the mind of the framers of the Act, beyond a suit to enjoin the merger (Weinroth v. Homer B. & L. Assn., supra, p. 272; Koehler v. St. Mary's Brewing Co., 228 Pa. 648, 77 A. 1016; Nice Ball Bearing Co. v. Mortgage B. & L. Assn., 310 Pa. 560, 565, 166 A. 239; Barnett v. Phila. Market Co., 218 Pa. 649, 67 A. 912; Ferrando v. U. S. Nat. B. & L. Assn., 307 Pa. 25, 28, 160 A. 716) we need not decide or consider. It is sufficient to hold that unless it is restricted in its effect to such suits and actions—and it will be noted that Section 1 of the Act mentions no association other than the one to which the shareholder belongs, while Section 2 expressly reserves from the effect of the Act rights which a dissenting shareholder of the merging or consolidating associations have in the building and loan association resulting from the merger and consolidation— the two sections are hopelessly conflicting and hence inoperative.

We believe this is the only reasonable construction if the Act is to be preserved.

We therefore hold that the limitation in the Act of May 15, 1933, supra, does not apply to these actions

brought by the plaintiffs as dissenting shareholders to enforce the rights which they respectively have in the association resulting from the merger and consolidation aforesaid, and that the judgments were properly entered.

The court will, of course, so control the collection of the judgments that the plaintiffs will not be permitted to gain any advantage over creditors having paramount rights, or other dissenting or withdrawing stockholders having equal rights with them: Hall v. Greater Adelphi B. & L. Assn., supra; Rosenblatt v. Potential B. & L. Assn., 110 Pa. Superior Ct. 466, 169 A. 24; Weinroth v. Homer B. & L. Assn., supra, p. 274; Educational Society of Yozgad v. Gordon, Secy., 310 Pa. 470, 166 A. 499.

No. 311 October Term, 1935. Judgment affirmed.
No. 312 October Term, 1935. Judgment affirmed.