Opinion by
 

 Keller, P. J.,
 

 This was an action in assumpsit for the withdrawal value of five shares of instalment stock, series 11, of the defendant building and loan association.
 

 The stock was originally subscribed for by one Elmer Lightner on April 27, 1922, who received a pass book or receipt book, No. 1112, in which was entered month by month the payment of dues, etc.
 

 The stock was assigned by Lightner to Moe Williams, Trustee for Leah Williams, and was so entered on the defendant’s stock ledger.
 

 Subsequently Moe Williams notified the secretary of
 
 *448
 
 the defendant association that the stock had been sold to his brother, Hyman Williams, and the transfer of ownership was noted on the defendant’s stock ledger.
 

 The by-laws of the association required no particular form of transfer, nor any formal notice of the assignment of shares of stock.
 

 Sometime after the transfer to Hyman Williams was noted on the books of the association, he borrowed $530, which was about equal to the withdrawal value at that time.
 

 On January 7, 1936 this action was brought in the name of Hyman Williams and Lillian Williams, now Lillian Eosenberg, against the defendant association. The plaintiffs had been married but were then divorced. The plaintiffs’ claim rests on the proposition that the stock had been assigned to them ,as tenants by .entireties and that, in consequence, the loan to Hyman Williams was not chargeable against the value of the stock. It is not alleged, nor was it proved, that any express notice, oral or written, was given the defendant association that the stock had been assigned to Hyman Williams and Lillian Williams instead of to Hyman Williams. The plaintiffs’ case rests on the fact that on the
 
 fly leaf
 
 of the pass book there were written the following undated entries :
 

 “For value received, I hereby transfer, assign and set over all my rights, title and interest in book No. 1112, 5 shares of the 11th series to Leah Williams, Moe Williams, Trustee.
 

 Witness Signed Elmer Lightner.”
 

 “For value received I hereby transfer, assign and set over all my rights, title and interest in book No. 1112, 5 shares of the 11th series to Mr. & Mrs. Hyman Williams.
 

 Leah Williams Trustee Moe Williams.”
 

 Mrs. Williams, now Mrs. Eosenberg, admitted that
 
 *449
 
 she gave the defendant association no notice that she was an owner, as tenant by the entirety, with her husband of this stock. Hyman Williams gave like testimony. Mrs. Rosenberg bases the right of the plaintiffs to the withdrawal value of the stock on the assumption that the officers of the association must have seen the assignment to them, written on the fly leaf of the pass book or receipt book, when it was left with them to note the payments of dues, etc. The secretary of the association testified that his attention had never been directed to this assignment and that he had no notice or knowledge of it.
 

 The court below was of opinion that the jury could find from this evidence that the defendant association knew or should have known — that it “was their duty to know” — that the pass book contained in it an assignment to Mr. and Mrs. Hyman Williams, and so instructed them. Their verdict was in favor of the plaintiffs for the withdrawal value on January 1,1932, $555, with interest from that date, on which judgment was entered January 3, 1938, with the following notation: “It is ordered that in the event that execution is necessary, application shall first be made to the court to fix the amount of the execution because since the Plaintiff [presumably Lillian Rosenberg] is now divorced she is only entitled to one-half of the value of the property created by the estate by entireties.”,
 

 We are of opinion that the evidence in the record does not support a finding that the defendant association had notice or knowledge that Mrs. Williams had any interest in or ownership of the stock as a tenant by the entirety prior to the loans made by the association to her husband, and that the judgment must be reversed. See
 
 First National Bank of Bangor v. Bangor Trust Co.,
 
 297 Pa. 115, 146 A. 595;
 
 Walker v. Emerich,
 
 300 Pa. 9, 149 A. 881.
 

 Hyman Williams and Mrs. Rosenberg, his former
 
 *450
 
 wife, both testified that they had never given the association notice of the assignment of the stock to them jointly or as tenants by the entireties. Any one who is familiar with the payment of dues to building and loan associations knows that there is no reason or occasion for the person receiving the dues and entering its payment in the pass book to examine the fly leaf of the book or do more than make the entry of payment in its proper place. One might as well hold that an assignment of a bank deposit written on the fly leaf of the depositor’s pass book, without other notice of the assignment, charged the bank with notice or knowledge of the assignment because entries of subsequent deposits brought to the bank by the alleged assignee were entered in the pass book by the bank’s receiving teller or the book was left to be balanced by the bookkeeping department.
 

 Another matter, not raised in the court below, because of the nature of the defense, requires some notice and consideration.
 

 The plaintiffs’ statement did not contain the necessary averments required to be made in an action by a withdrawing stockholder, since the decision of the Supreme Court in
 
 Brown v. Victor Building Assn.,
 
 302 Pa. 254, 153 A. 349. That case points out that a plaintiff’s statement in such an action ought to contain all the averments necessary to bring the case within the statutory requirements in force at the time. See also,
 
 Stern v. Ashbourne B. & L. Assn.,
 
 100 Pa. Superior Ct. 561;
 
 Odessa Ind. Ben. Assn. v. Stechert B. & L. Assn.,
 
 107 Pa. Superior Ct. 177, 179, 163 A. 32. These were lacking not only in the statement of claim but in the proof at the trial. See
 
 Gorges v. Greater Adelphia B. & L. Assn.,
 
 120 Pa. Superior Ct. 322, 324, 325, 182 A. 804, (reversed on another point, but affirmed in this
 
 *451
 
 respect, in 322 Pa. 569, 185 A. 815);
 
 Wool v. Keller B. & L. Assn.,
 
 106 Pa. Superior Ct. 492, 493, 163 A. 38.
 

 The judgment is reversed and is now entered for the defendant.