Meth, Appellant, *v.* Broad Street and Bonded Building and Loan Association.

Argued January 6, 1943. Before MAXEY, C.J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*B. D. Oliensis,* with him *John A. Boyle,* for appellant.

*I. I. Jamison,* with him *Allen J. Levin* and *Samuel D. Goodis,* for appellee.

OPINION BY MR. JUSTICE DREW, January 29, 1943:

This appeal is from an order refusing to take off a compulsory nonsuit. Plaintiff sued in assumpsit to recover $6,446.25, the withdrawal value of her stock in defendant building and loan association. In support of her claim, she testified that from 1915 to 1935 she had been in defendant's employ in charge of its books and records; that she owned stock in defendant association; that on April 28, 1931, she gave written notice of intention to withdraw which was duly recorded on the withdrawal list; and that defendant later paid out in excess of $44,000 to shareholders whose withdrawal notices were subsequent in time to hers. The learned court below granted a compulsory nonsuit because plaintiff had failed to produce evidence in support of the allegation in her statement of claim that cash legally applicable to the payment of her demand had come into defendant's

treasury since her withdrawal notice had become effective.

That such an allegation was essential is, in view of the Acts of April 29, 1874, P. L. 73, Section 37, and April 10, 1879, P. L. 16, Section 2, in force at the time the withdrawal notice was given, too plain to warrant discussion: *Brown v. Victor Building Assn.*, 302 Pa. 254, 258; *Odessa Ind. Ben. A. v. Stechert B. & L. A.*, 107 Pa. Superior Ct. 177; *Max Wool v. Keller B. & L. Assn.* 106 Pa. Superior Ct. 492. And being essential to the pleading, it is also an essential element to be proved at the trial: *Gorges v. B. and L. Assn.*, 120 Pa. Superior Ct. 322, 325 (affirmed as to this, but reversed on another point in *Gorges v. Greater Adelphi B. & L. Assn.*, 322 Pa. 569)[1]. Hence, to meet the burden of proof plaintiff was required to produce evidence establishing that her name was sufficiently high on the list to prevent exhaustion by payment to prior claimants, before her claim was reached, of the $44,000 she asserted was in the treasury available for withdrawal payments. If prior claims aggregated more than the available fund, plaintiff was obviously entitled to nothing. Plaintiff concedes the correctness of this proposition, but relies upon the rule that where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party, citing *Valles v. Peoples-Pittsburgh Tr. Co.*, 339 Pa. 33, 36; *Commonwealth v. Bates*, 1 Pa. Superior Ct. 223; and *United States v. Denver & R. G. R. R.*, 191 U. S. 84, 92. The difficulty with plaintiff's

---

[1] There the Superior Court held against plaintiff on the ground that he had failed to allege and prove that defendant's treasury contained funds applicable to the payment of his claim, but permitted recovery on the theory that the action was sustainable as one brought by a shareholder who dissented to a merger of two building and loan associations. This Court reversed on the latter point, but in denying recovery, affirmed the Superior Court on the point for which the case is here cited.

position is that neither was the averment in question negative in character nor was its subject matter peculiarly within defendant's knowledge. Plaintiff was required to prove that there was money in the treasury applicable to the payment of her claim, as averred in her pleadings, and this is a positive, not a negative, allegation. While proof of the non-existence of other claims ahead of hers would have assisted her in meeting the burden of proof, that was not the primary issue. A litigant cannot bring himself within the rule above quoted and thereby escape from proving an allegation essential to his case by the simple expedient of stating its negative counterpart. If plaintiff were to be permitted to establish her right to recover by a mere showing of withdrawal payments made by defendant to shareholders who gave notice of withdrawal after she did, it would result in a preference to her over all other unpaid shareholders whose notices preceded hers. Nor were the means of proving her case peculiarly within defendant's knowledge. Its books were made available to plaintiff. She had in the course of her employment, at the direction of the secretary of the association, entered her own name on the withdrawal list, and therefore knew in what position it stood. If she had been entitled to payment, it would have been no more difficult for her to show that fact than it was to show that the stockholders who were paid had given notice after she did.

Plaintiff also relies, in support of her right to recover, on the insufficiency of defendant's denial of these same averments in her statement of claim as to the applicability of funds to the payment of her demand. We have carefully read the allegations of the statement and the answers thereto, and conclude that the material averments properly pleaded were sufficiently denied.

The assignments of error are overruled and the order of the court below is affirmed.