## Philadelphia Investment Building and Loan Association's Petition.

Argued December 11, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Ralph B. Umsted,* with him *Abraham Nathanson,* for appellant.

*Harry E. Apeler,* for appellee.

OPINION BY STADTFELD, J., January 31, 1936:

A petition was filed by the Philadelphia Investment Building and Loan Association to reduce its liability to stockholders, in accordance with the Act of May 5, 1933, P. L. 457, Section 621, PS Title 15, Section 1074.

The petition alleged that most of the association's assets were second mortgages, and that the Board of Directors ordered an appraisal, examination and audit of the assets and liabilities. The appraisals showed that the fair value of the assets was 50% less than the total amount due all shareholders, (including those who gave notice of withdrawal), which was approved by the Directors. The Department of Banking also approved the appraisals and the application for reduction.

Appellant's answer admitted the averments in the petition, but set up under New Matter that she held full-paid stock in the Ever Ready Building and Loan Association, which Association merged on September 21, 1931, with petitioner, and since the merger notices of withdrawal were filed both orally and in writing by the appellant, and that the petition cannot apply to her because, being a full-paid stockholder, she is a preferred creditor.

On April 15, 1935, after hearing, the lower court granted the prayer of the petition and ordered that liability of petitioner to shareholders be reduced 50% of the amounts paid in to said Association, and in an opinion filed by KUN, J., held that appellant being a full-paid stockholder had no greater right than an installment stockholder. Exception to this ruling was taken by appellant and this appeal followed.

From the pleadings and the case presented to the lower court, the only question involved was appellant's right to be preferred because she was a full-paid stockholder. She at no time occupied the position of a dissenting stockholder in. the merger, and the decisions under such circumstances do not apply.

In her answer she avers that "many notices of withdrawal have been filed by your deponent, both orally and in writing, from 1931 to date." There was no averment, nor was there any proof that she gave a notice prior to September 21, 1931, the date of the merger. There is no definite averment of any particular or specific notice.

Appellant relies upon the case of Weinroth v. Homer Bldg. & Loan Assn., 310 Pa. 265, 165 A. 28. That. case does not, however, support appellant's position. The opinion of the court in that case by Mr. Justice KEP-HART, after discussing the rights of claimants ordinarily connected with such concerns, says, on p. 274: "The appellee further contends that as the plaintiff held full paid stock instead of ordinary installment stock, a preference in her favor would not be improper. This is directly contrary to the well settled rule that all shareholders in building and loan associations, whether of full paid or of installment stock must be treated equally. This rule was laid down in Folk v. State Capital Savings Assn., 214 Pa. 529, 63 A. 1103. That case recognized the right of a building and loan association to issue full paid stock but expressly stated that the

holders of such stock should not be entitled to any preference over other shareholders. The court said at p. 544: 'We find nothing unlawful in the issuing of full paid stock, the dividends of which are not guaranteed but are limited in amount and payable only out of the profits, and the holders of which are entitled to no preference and have no advantage over other stockholders upon distribution in case of loss or insolvency.' "

Likewise in Brown v. Victor Bldg. Assn., 302 Pa. 254, 153 A. 349, Mr. Justice SCHAFFER, on p. 258 says: "Building associations differ from ordinary corporations, and stockholders therein are really partners in the enterprise: Christian's App., 102 Pa. 184. After the payment of general creditors, the residue of the funds belong to the stockholders and should be distributed among them pro rata whether they have given notice of withdrawal and hold orders for the withdrawal value of their stock or not. Both claims are equally meritorious and in marshalling the assets no class is entitled to priority over the other. Withdrawing stockholders are creditors only in a qualified sense, their rights as against those with whom they have been associated as stockholders are very different from those of general creditors, whose claims are based wholly on outside transactions."

In Stone v. Schiller Bldg. & Loan Assn., 302 Pa. 544, 153 A. 758, it was said, on p. 550: "A withdrawing shareholder is at no time a creditor of the association as that term is usually understood: Christian's App., supra. Withdrawing shareholders of a building and loan association, suspended in payment as appellee has been, have equal rights."

We do not believe that there was any impairment of the vested rights as contended by appellant. Appellant's right to withdraw was under certain limitations; that is, the Acts of Assembly provided that at no time shall more than one-half of the funds in the treasury of the

association be applicable to the demands of withdrawing stockholders, and payment of the value of the stock so withdrawn shall only be due when the funds so applicable are sufficient to meet and liquidate the same, and then only in the order of the respective times of presentation of the notice of such withdrawals, which must be in writing.

As stated in 12 C. J. 955: "Rights are vested when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest."

As stated by DAVIS, P. J., In re: Great Oak Building and Loan Assn., 22 D. & C. 156: "It was evidently the purpose of the Building and Loan Code of 1933 to distribute the losses equitably among all members, and to sustain the claim of Higgins would be to afford him a preference. Nor does the petition impair any of his rights, for it merely is official recognition of the existing fact of shrinkage of his pro rata share of the assets."

We see no error in the decree of the lower court.

The assignments of error are overruled and decree affirmed at costs of appellant.