Power Building and Loan Association's Petition

*White, Maris & Clapp,* for petitioner.

*John M. Hutchinson, William James Turner, Herbert M. Levy, William C. Hayes* and *Robert F. Bogatin,* for exceptants.

KUN, J., March 9, 1936.—This is a proceeding by petition under section 621 of the Building and Loan Code of May 5, 1933, P. L. 457, for the reduction of the liability of the Power Building & Loan Association to its shareholders. The Power Building & Loan Association is the result of a merger of a number of other associations which because of their insolvent condition could not continue in operation. If the purpose and basis of the proceeding to reduce liability of a building and loan association to its stockholders is understood, the rights of stockholders therein and of others in such proceedings become clear. A reduction of liability to its stockholders is but the alternative of liquidation. An association has become insolvent. Instead of liquidation there is permitted by such proceeding a restatement of its liability to its stockholders to conform with the ascertained fact of shrinkage of its assets. The liability to its shareholders is reduced to conform to the reduced value of its assets so that the insolvent association on such restatement is made to appear solvent again and permitted to continue in operation; otherwise, it would have to be liquidated. The order of reduction of liability cannot affect the rights of creditors of either the constituent associations or of the merged association; neither are the rights of dissenting or withdrawing stockholders of a constituent association affected by such an order. The order reducing liability affects the shareholders of the merged association only.

One of the exceptants contends that section 621 of the Building and Loan Code, supra, under consideration is unconstitutional, citing as authority the case of Treigle v. Acme Homestead Assn., 297 U. S. 189, decided by the Supreme Court of the United States on February 3, 1936. We have examined the opinion of the court and find nothing therein that bears on the subject matter before us. That was a case which came up from the State of Louisiana in which stockholders of building and loan associations had the right to withdraw on written notice, somewhat similar to the right of withdrawal in this State.

Every association was required to keep a register in which notices of withdrawal were to be entered in the order of presentation and to pay the withdrawals in that order as provided in the statutes. Treigle, owner of paid-up stock, gave written notice of withdrawal. Thereafter the legislature passed the act the constitutionality of which was attacked. The act changed completely the order in which the withdrawing stockholders were to be paid, and the manner in which they should be paid, and the extent to which they should be paid, unnecessary to detail in this opinion. In a unanimous decision the Supreme Court, in an opinion by Mr. Justice Roberts, held that the statute in question impaired the obligation of Treigle's contractual rights as a stockholder in the association and destroyed his vested rights therein, in contravention of article I, sec. 10, and amendment XIV, sec. 1 of the Constitution. It is necessary to quote only two portions of the opinion to show that the legislation which was there under consideration is clearly distinguishable from section 621 of our Building and Loan Code, which was passed for the purpose of conserving the assets of an association finding itself to be insolvent by permitting it to reduce its liability to its stockholders to conform with the ascertained fact of shrinkage of its assets. Mr. Justice Roberts said:

"The sections in question do not contemplate the liquidation of associations, the conservation of their assets or the distribution thereof amongst creditors and members. Other sections deal with these matters. . . .

"As we have pointed out, the questioned sections deal only with private rights, and are not adapted to the legitimate end of conserving or equitably administering the assets in the interest of all members. They deprive withdrawing members of a solvent association of existing contract rights, for the benefit of those who remain. We hold the challenged provisions impair the obligation of the appellant's contract and arbitrarily deprive him of vested property rights without due process of law."

As pointed out by Mr. Justice Roberts, the questioned legislation there under consideration dealt with rights of withdrawing members of a solvent association, violating such rights which had vested, and was not "adapted to the legitimate end of conserving or equitably administering the assets in the interest of all members." Section 621 of the Building and Loan Code is just the converse of that legislation. It does not apply to solvent associations at all and therefore does not affect directly or indirectly the rights of a withdrawing stockholder therein. All that section 621 of the Building and Loan Code, supra, provides for is, as we stated at the beginning of this opinion, a statutory alternative for liquidation by permitting an association finding itself to be in an insolvent condition to reduce its liabilities to shareholders to conform with the ascertained reduced value of its assets, thereby making it to appear solvent, so that it may continue in existence, whereas otherwise it would have to be liquidated. This plan is obviously "adapted to the legitimate end of conserving or equitably administering the assets in the interest of all members." The granting of a petition for reduction of liability does not impair the rights of any stockholder but "merely is official recognition of the existing fact of shrinkage of his pro rata share of the assets": Philadelphia Investment Building & Loan Association's Petition, 121 Pa. Superior Ct. 148. Section 621 of the Building and Loan Code does not offend any constitutional limitation or restriction. It is a valid exercise of legislative power, and, we may add, a salutary one.

We will now consider the exceptions filed:

### Exception of Marie Pero

This is a shareholder of the petitioning association who by answer suggests it would be better to liquidate it. The facts alleged in the petition well satisfy the court that the affairs of the association have been handled by competent persons in a businesslike manner, during the course of which over $150,000 of debts have been

paid off. It is our opinion that the interests of shareholders in this association would be much better served by approving the petition for the reduction of liability to its shareholders, thereby permitting it to continue in existence. A forced liquidation at this time would be harmful to the shareholders.

### Exception of Meyer Gorodetzer

This exceptant alleges, in an answer filed, that he was a member of a constituent organization to which he gave notice of withdrawal on January 19, 1931. He also avers that thereafter he made a payment on account of the dues covering his shares on February 5, 1931. This was before the merger. This subsequent payment may be regarded as a withdrawal of his notice of withdrawal and, not having dissented at the time of the subsequent merger, he may be regarded a member of the merged association. In the event that his status should be regarded as that of a withdrawing stockholder of the constituent organization, the limit of his right would be to receive only his share of the assets upon the basis of which his association was taken into the merger less any debt due by him to the constituent organization of which he was a member: Weinroth, Executrix, v. Homer B. & L. Assn., 310 Pa. 265, 274; Gorges et al. v. Greater Adelphi B. & L. Assn., 120 Pa. Superior Ct. 322. This may be left for future determination. The exceptant has shown no valid reason against the granting of the petition.

### Exception of Mayer Rosen

This is a member of the petitioning association who avers he gave notice of withdrawal on May 5, 1933. As the association is now insolvent and the proceeding to reduce its liability to its shareholders is but an official recognition of the fact of shrinkage of its assets, the exceptant cannot be given any preference over his fellow members, although the amount of his claim may properly be based on the withdrawal value of his shares at the

time he gave notice thereof if the association was solvent at that time: Weinroth, Executrix, v. Homer B. & L. Assn., supra, p. 269.

No answer or formal objection was filed on behalf of Katy S. Hayes and William C. Hayes, executors, etc., Katherine M. Hayes and James J. Hayes, but counsel on their behalf appeared and filed a brief stating that they likewise gave notice of withdrawal in January of 1933 which was subsequent to the date of the merger.. What we have said with reference to Mayer Rosen applies to them.

The exceptions are dismissed.

The petition for reduction of liability to shareholders is approved, and decree is entered thereon.