*890 OPINION.
Black :
Petitioner, in support of his contention that the loss which he suffered in 1934 by reason of his withdrawal as a shareholder of the Business Men’s Building & Loan Association was an ordinary loss *891 and not a capital loss, cites Hale v. Helvering, 85 Fed. (2d) 819; John H. Watson, Jr., 27 B. T. A. 463; George A. Hellman, 33 B. T. A. 901. Those cases would undoubtedly sustain petitioner in his claim if his status when he withdrew from the Building & Loan Association had been that of a creditor.
To the aboye cited cases might be added the recent Supreme Court decision in Fairbanks v. United States, 306 U. S. 436. In the latter case the Supreme Court held that redemption of bonds before maturity by the issuing corporation is not a sale or exchange of capital assets within the meaning of section 208 (a) (1) of the 1926 Act and section 101 (c) (1) of the 1928 Act. Therefore a bondholder’s gain from surrender of bonds for retirement was not capital gain. If petitioner had been a bondholder or otherwise a creditor of the Building & Loan Association the above decision of the Supreme Court and the other named cases Avould be applicable. But petitioner was not a creditor of the association. He was a shareholder.
In Stone v. New Shiller Building & Loan Association, 302 Pa. 544; 153 Atl. 758, the Supreme Court of Pennsylvania, among other things, said: “A withdrawing stockholder is at no time a creditor of the association as that term is usually understood.” To the same effect are Petition of Philadelphia Investment Building & Loan Association, 121 Pa. Super. 148; 183 Atl. 93, and Steinon v. Great Oak Building & Loan Association (Sup. Ct. of Pa.), 185 Atl. 818. Section 1074—5098 of Purdon’s Pennsylvania Statutes, title 15, page 458, reads as printed in the margin.[1]
When shares of stock which are capital assets within the applicable revenue act are redeemed, the resulting gain or loss is a capital gain or loss as the case may be. White v. United States, 305 U. S. 281; Mary S. Childs, 35 B. T. A. 1125.
The identical question which we have here to decide was before the United States District Court for the Eastern District of Pennsylvania in Henderson v. United States, 22 Fed. Supp. 206, and was decided for the Government. We think that case was decided correctly. Cf. Helvering v. Weaver Co., 305 U. S. 293.
Under the authorities above cited, we affirm the Commissioner.

Decision will be entered for the respondent.

B. Holders of matured shares, or holders of shares which have been voluntarily or involuntarily withdrawn, or holders of shares who have not assented to or have dissented from a merger or a consolidation, shall be entitled to notice of, and to vote at, any meeting of shareholders, until they shall have been paid in full the amount lawfully due them on account of their shares. The exercise of such right to vote at a meeting shall not constitute waiver of, or in any way affect, any rights granted by law to such shareholders by virtue of the maturing of their shares, or of their withdrawal from the association, either Voluntarily or involuntarily, or of their failure to assent to, or their dissent from, a plan of merger or consolidation.